### UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| CHARLES H. SCHMIDT, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  3:22-cv-404 |
| | ) | |
| CITY OF RICHMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER

THE CITY OF RICHMOND ("City"), by counsel, states as follows as its Answer to Plaintiffs' Complaint:

### Introduction

1.      The City denies the allegations contained in Paragraph 1 of the Complaint.

2.      The City denies the allegations contained in Paragraph 2 of the Complaint.

3.      The City admits that this action is brought by several individuals and it is without knowledge to form a belief whether one is an attorney and some are members of the press. The City denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      The City admits "the summer of 2020 was a period of great civil unrest throughout much of the United States including Richmond, Virginia."  The remaining allegations in Paragraph 4 of the Complaint are denied.

5.      The City admits that the civil unrest was a matter of national and international news and members of the press had an interest in reporting the unrest to the public.  The remaining allegations in Paragraph 5 of the Complaint are denied.

6.      The City denies the allegations contained in Paragraph 6 of the Complaint.

7.      The City denies the allegations contained in Paragraph 7 of the Complaint.

8.      The City denies the allegations contained in Paragraph 8 of the Complaint.

9.      The City denies the allegations contained in Paragraph 9 of the Complaint.

10.     The City admits that the charges against the plaintiffs were either dismissed or resulted in not guilty verdicts.

11.     The City denies the allegations contained in Paragraph 11 of the Complaint.

12.     The City denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 constitute conclusory assertions of the Plaintiffs" demands for relief to which no response is required. To the extent a response is required, the City denies the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions of law to which no response from the City is required.

15.     The City admits that the Court has Jurisdiction over the Plaintiffs' claims, but denies that they are entitled to any relief in this action. The City denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     The City admits the allegations contained in Paragraph 16 of the Complaint.

## Parties

17.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 17 of the Complaint and demands strict proof thereof.

18.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 18 of the Complaint and demands strict proof thereof.

19.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 19 of the Complaint and demands strict proof thereof.

20.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 20 of the Complaint and demands strict proof thereof.

21.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 21 of the Complaint and demands strict proof thereof.

22.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 22 of the Complaint and demands strict proof thereof.

23.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 23 of the Complaint and demands strict proof thereof.

24.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 24 of the Complaint and demands strict proof thereof.

25.     The City admits that it is responsible for oversight of the City of Richmond Police Department.  The remaining allegations in Paragraph 25 of the Complaint state legal conclusions and duties to which not response is required. To the

extent a response is required, the City denies the allegations contained in Paragraph 25 of the Complaint.

26.     The City admits that William C. Smith was the Chief of Police of the Richmond Police Department from 2019 until June 16, 2020, when he resigned at the request of Mayor Stoney.  The remaining allegations in Paragraph 26 constitute legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 26 of the Complaint.

27.     The City admits that former Chief Blackwell was Interim Chief of the Richmond Police Department from June 16, 2020 to June 26, 2020.    The remaining allegations in Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is required, the City denies the allegations contained in Paragraph 27 of the Complaint.

28.     The City admits that Gerald Smith is the current Chief of the Richmond Police Department.    The remaining allegations in Paragraph 28 constitute legal conclusions to which no response is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 28 of the Complaint.

29.     The City admits the allegations contained in Paragraph 29 of the Complaint.

30.     The City admits the allegations contained in Paragraph 30 of the Complaint.

31.     The City admits the allegations contained in Paragraph 31 of the Complaint.

32.     The City admits the allegations contained in Paragraph 32 of the Complaint.

33.     The City admits the allegations contained in Paragraph 34 of the Complaint.

34.     The City admits April Dixon is a former uniformed member of the Richmond Policed Department.  The City denies that at all times relevant to this Complaint that she was acting under color of law. The City admits the remaining allegations contained in Paragraph 34 of the Complaint.

35.     The City admits the allegations contained in Paragraph 35 of the Complaint.

36.     The City admits the allegations contained in Paragraph 36 of the Complaint.

37.     The City admits the allegations contained in Paragraph 37 of the Complaint.

38.     The City admits Nico Young is a former uniformed member of the Richmond Policed Department. The City admits the remaining allegations contained in Paragraph 38 of the Complaint.

39.     The City admits John Beasley is a former uniformed member of the Richmond Policed Department. The City admits the remaining allegations contained in Paragraph 39 of the Complaint.

40.     The City admits the allegations contained in Paragraph 40 of the Complaint.

41.     The City admits the allegations contained in Paragraph 41 of the Complaint.

42.     The City admits Kate Leone is a former uniformed member of the Richmond Policed Department. The City admits the remaining allegations contained in Paragraph 42 of the Complaint.

43.     The City admits the allegations contained in Paragraph 43 of the Complaint.

44.     The City admits the allegations contained in Paragraph 44 of the Complaint.

45.     The City admits Ben Malone is a former uniformed member of the Richmond Policed Department. The City admits the remaining allegations contained in Paragraph 45 of the Complaint.

46.     The City admits the allegations contained in Paragraph 46 of the Complaint.

47.     The City admits the allegations contained in Paragraph 47 of the Complaint.

48.     The City admits Dario Buraliev is a former uniformed member of the Richmond Policed Department. The City admits the remaining allegations contained in Paragraph 48 of the Complaint.

49.     The City admits the allegations contained in Paragraph 49 of the Complaint.

50.     The City admits the allegations contained in Paragraph 50 of the Complaint.

51.     The City admits the allegations contained in Paragraph 51 of the Complaint.

52.     The City admits the allegations contained in Paragraph 52 of the Complaint.

53.     The City admits the allegations contained in Paragraph 53 of the Complaint.

54. (a-d) The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 54 and subsections a-d of the Complaint and demands strict proof thereof.

## FACTS

### Schmidt's Unlawful Arrest:  June 26, 2020

55.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 55 of the Complaint and demands strict proof thereof.

56.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 56 of the Complaint and demands strict proof thereof.

57.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 57 of the Complaint and demands strict proof thereof.

58.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 58 of the Complaint and demands strict proof thereof.

59.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 59 of the Complaint and demands strict proof thereof.

60.     The City admits the allegations contained in Paragraph 60 of the Complaint.

61.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 61 of the Complaint and demands strict proof thereof.

62.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 62 of the Complaint and demands strict proof thereof.

63.     The City admits that crowd control measures were used at MDP Circle. The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 63 of the Complaint and demands strict proof thereof.

64.     The City cannot admit or deny whether Schmidt drove to MDP Circle or when he arrived at MDP Circle.  The remaining allegations in Paragraph 64 of the Complaint are denied.

65.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 65 of the Complaint and demands strict proof thereof.

66.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 66 of the Complaint and demands strict proof thereof.

67.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 67 of the Complaint and demands strict proof thereof.

68.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 68 of the Complaint and demands strict proof thereof.

69.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 69 of the Complaint and demands strict proof thereof.

70.     The City admits that Officer Frazer approached Plaintiff Schmidt's car. The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 70 of the Complaint and demands strict proof thereof.

71.     The City admits that Frazer advised Schmidt that he needed to leave the Rear Parking Lot because Richmond Police had been asked to enforce security for a private business Whole Foods.  The remaining allegations in Paragraph 71 of the Complaint are denied.

72.     The City admits that Plaintiff Schmidt questioned Frazer's authority to enforce such an order.  The remaining allegations in Paragraph 72 of the Complaint are denied.

73.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 73 of the Complaint and demands strict proof thereof.

74.     The City denies the allegations contained in Paragraph 74 of the Complaint.

75.     The City admits that Plaintiff Schmidt identified himself as an attorney and that Officer Frazer requested him to leave the parking lot.  The remaining allegations in Paragraph 75 of the Complaint are denied.

76.     The City admits that there were several police officers in the area of his car.  The remaining allegations in Paragraph 76 of the Complaint are denied.

77.     The City admits that Plaintiff Schmidt asked Officer Frazer his name and that Officer Frazer asked him to leave the parking lot.  The remaining allegations in Paragraph 77 of the Complaint are denied.

78.     The City admits that Plaintiff Schmidt asked a second officer his name and the officer told him that he did not have to provide his name.  The remaining allegations in Paragraph 78 of the Complaint are denied.

79.     The City denies the allegations contained in Paragraph 79 of the Complaint.

80.     The City admits that Frazer advised Schmidt that he was under arrest.  The remaining allegations in Paragraph 80 of the Complaint are denied.

81.     The City denies the allegations contained in Paragraph 81 of the Complaint.

82.     The City denies the allegations contained in Paragraph 82 of the Complaint.

83.     The City admits the allegations contained in Paragraph 83 of the Complaint.

84.     The City admits that Richmond Police Officers zip-tied Schmidt's hands and detained him while Frazer processed the paperwork.  The remaining allegations in Paragraph 84 of the Complaint are denied.

85.     The City admits the allegations contained in Paragraph 85 of the Complaint.

86.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 86 of the Complaint and demands strict proof thereof.

87.     The City admits that Frazer advised Schmidt that he would be released on summons and Schmidt was given a ticket.  The remaining allegations in Paragraph 87 of the Complaint are denied.

88.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 88 of the Complaint and demands strict proof thereof.

89.     The City admits that Schmidt asked Frazer for his name and Frazer provided his name.  The remaining allegations in Paragraph 89 of the Complaint are denied.

90.     The City admits the allegations contained in Paragraph 90 of the Complaint.

91.     The City denies that there was an unwarranted attack by police on Monument Avenue near the Circle.  The City cannot admit or deny the remaining allegations set forth in Paragraph 91 of the Complaint and demands strict proof thereof.

92.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 92 of the Complaint and demands strict proof thereof.

93.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 93 of the Complaint and demands strict proof thereof.

94.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 94 of the Complaint and demands strict proof thereof.

95.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 95 of the Complaint and demands strict proof thereof.

96.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 96 of the Complaint and demands strict proof thereof.

97.     The City admits the allegations contained in Paragraph 97 of the Complaint.

98.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 98 of the Complaint and demands strict proof thereof.

**(Former) Commonwealth Times Executive Editor and Reporter Andrew Ringle June 21, 2020**

99.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 99 of the Complaint and demands strict proof thereof.

100.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 100 of the Complaint and demands strict proof thereof.

101.     The City admits that Richmond Police Department officers were using pepper spray to move the crown off the median.  The City does not possess sufficient

12

information to either admit or deny the remaining allegations set forth in Paragraph 101 of the Complaint and demands strict proof thereof.

102.    The photograph embedded in Paragraph 102 speak for itself. The City denies the remaining allegations contained in Paragraph 102 of the Complaint.

103.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 103 of the Complaint and demands strict proof thereof.

104.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 104 of the Complaint and demands strict proof thereof.

105.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 105 of the Complaint and demands strict proof thereof.

106.    The City denies the allegations contained in Paragraph 106 of the Complaint.

107.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 107 of the Complaint and demands strict proof thereof.

108.    The City admits the allegations in Paragraph 108 of the Complaint.

109.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 109 of the Complaint and demands strict proof thereof.

110.     The City admits that Richmond Police Officers grabbed and handcuffed Ringle while he was unlawfully in Monroe Park.  The remaining allegations in Paragraph 110 of the Complaint are denied.

111.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 111 of the Complaint and demands strict proof thereof.

112.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 112 of the Complaint and demands strict proof thereof.

113.     The City admits that Officer Peterson was present at Monroe Park, but denies Officer Peterson had any interaction with Plaintiff Ringle.

**(Former) Commonwealth Times News Editor and Reporter Eduardo Acevedo July 25, 2020**

114.     The City admits that police called an unlawful assembly outside police headquarter on the night of July 25, 2020.  The City cannot admit or deny the remaining allegations set forth in Paragraph 114 of the Complaint and demands strict proof thereof.

115.     The City admits that someone in the crowd threw a flaming object into a Dump Truck and that in response the police used flash bang grenades. The remaining allegations in Paragraph 115 of the Complaint are denied.

116.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 116 of the Complaint and demands strict proof thereof.

117.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 117 of the Complaint and demands strict proof thereof.

118.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 118 of the Complaint and demands strict proof thereof.

119.    The City admits the allegations contained in Paragraph 119 of the Complaint.

120.    The City admits the allegations contained in Paragraph 120 of the Complaint.

121.    The City denies the allegations contained in Paragraph 121 of the Complaint.

122.    The City admits that Police officers grabbed Plaintiff Acevedo and pulled his hands behind his back and release him when he identified himself as a journalist.  The remaining allegations in Paragraph 122 of the Complaint are denied.

123.    The City admits that there were several Police around him and that Plaintiff Acevedo told an officer to get away from him to which the officer relied no. The remaining allegations in Paragraph 123 of the Complaint are denied.

124.    The City admits that officers released Acevedo after he showed his press credentials.  The remaining allegations in Paragraph 124 of the Complaint are denied.

125.    The City admits that an officer told them to leave the area and that next time they will be arrested.

126.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 126 of the Complaint and demands strict proof thereof.

127.    The City denies the allegations contained in Paragraph 127 of the Complaint.

128.    The City admits the allegations in Paragraph 128 of the Complaint.

129.    The City admits the allegations contained in Paragraph 129 of the Complaint.

130.    The City admits the allegations in Paragraph 130 of the Complaint.

131.    The City admits the allegations in Paragraph 131 of the Complaint.

**Kristopher Goad's Unlawful Arrests: July 26, 2020 and September 28, 2020**

**July 26, 2020**

132.    The City admits that Plaintiff Goad is known by Richmond Police for his social media activity.  The City denies the remaining allegations contains in Paragraph 132 of the Complaint.

133.    The City denies the allegations set forth in Paragraph 133 of the Complaint and demands strict proof thereof.

134.    The City admits that Monroe Park had been closed during times relevant to the Complaint.  The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 134 of the Complaint and demands strict proof thereof.

135.    The City denies the allegations set forth in Paragraph 135 of the Complaint and demands strict proof thereof.

136.     The City denies the allegations set forth in Paragraph 136 of the Complaint and demands strict proof thereof.

137.     The City denies the allegations contains in Paragraph 137 of the Complaint.

138.     The City admits the allegations contains in Paragraph 138 of the Complaint.

139.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 139 of the Complaint and demands strict proof thereof.

140.     The City admits that he was released after a magistrate found no probable cause for arrest.  The City cannot admit or deny the remaining allegations set forth in Paragraph 140 of the Complaint and demands strict proof thereof.

141.     The City denies the allegations contains in Paragraph 141 of the Complaint.

142.     The City denies the allegations contains in Paragraph 142 of the Complaint.

143.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 143 of the Complaint and demands strict proof thereof.

144.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 144 of the Complaint and demands strict proof thereof.

145.     The City admits that Richmond Police Officers were present at the march on September 14, 2020.  The remaining allegations in Paragraph 145 of the Complaint are denied.

146.     The City admits the allegations contained in Paragraph 146 of the Complaint.

147.     The City admits the allegations contained in Paragraph 147 of the Complaint.

148.     The City admits that Lieutenant Lloyd swore out a complaint against Plaintiff Goad.  The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 148 of the Complaint and demands strict proof thereof.

149.     The City admits the allegations contained in Paragraph 149 of the Complaint.

150.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 150 of the Complaint and demands strict proof thereof.

151.     The Twitter post embedded in Paragraph 151 of the Complaint speaks for itself.  The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 151 of the Complaint and demands strict proof thereof.

152.     The Twitter post embedded in Paragraph 152 of the Complaint speaks for itself.  The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 152 of the Complaint and demands strict proof thereof.

**Jimmie Lee Jarvis Unlawful Harassment by Richmond Police Department
May – Nov. 2020**

153.    The City denies the allegations contained in Paragraph 153 of the

Complaint.

**May 31, 2020 – June 1, 2020**

154.    The City does not possess sufficient information to either admit or deny

the allegations set forth in Paragraph 154 of the Complaint and demands strict proof

thereof.

155.    The City does not possess sufficient information to either admit or deny

the allegations set forth in Paragraph 155 of the Complaint and demands strict proof

thereof.

156.    The City does not possess sufficient information to either admit or deny

the allegations set forth in Paragraph 156 of the Complaint and demands strict proof

thereof.

157.    The City does not possess sufficient information to either admit or deny

the allegations set forth in Paragraph 157 of the Complaint and demands strict proof

thereof.

158.    The City does not possess sufficient information to either admit or deny

the allegations set forth in Paragraph 158 of the Complaint and demands strict proof

thereof.

159.    The City does not possess sufficient information to either admit or deny

the allegations set forth in Paragraph 159 of the Complaint and demands strict proof

thereof.

**June 14-15, 2020**

160.    The City denies that a young woman was attacked by Richmond Police on June 14, 2020.  The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 160 of the Complaint and demands strict proof thereof.

161.    The City admits that Jarvis spoke with Bridges.  The remaining allegations in Paragraph 161 of the Complaint are denied.

162.    The City admits that pepper spray was discharged, but denies that it was discharged indiscriminately. The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 162 of the Complaint and demands strict proof thereof.

163.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 163 of the Complaint and demands strict proof thereof.

164.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 164 of the Complaint and demands strict proof thereof.

165.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 165 of the Complaint and demands strict proof thereof.

166.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 166 of the Complaint and demands strict proof thereof.

167.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 167 of the Complaint and demands strict proof thereof.

168.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 168 of the Complaint and demands strict proof thereof.

**June 14, 2020**

169.     The City denies the allegations contained in Paragraph 169 of the Complaint.

170.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 170 of the Complaint and demands strict proof thereof.

171.     The City denies the allegations contained in Paragraph 171 of the Complaint.

172.     The City denies the allegations contained in Paragraph 172 of the Complaint.

173.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 173 of the Complaint and demands strict proof thereof.

174.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 174 of the Complaint and demands strict proof thereof.

175.     The City admits the allegations contained in Paragraph 175 of the Complaint.

**June 21, 2020**

176.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 176 of the Complaint and demands strict proof thereof.

177.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 177 of the Complaint and demands strict proof thereof.

178.    The City denies that officers shined their flashlights directly into Jarvis' cameral to prevent him from filming. The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 178 of the Complaint and demands strict proof thereof.

179.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 179 of the Complaint and demands strict proof thereof.

180.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 180 of the Complaint and demands strict proof thereof.

181.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 181 of the Complaint and demands strict proof thereof.

**July 25, 2020**

182.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 182 of the Complaint and demands strict proof thereof.

183.     The City admits that demonstrators marched to police headquarters. The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 183 of the Complaint and demands strict proof thereof.

184.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 184 of the Complaint and demands strict proof thereof.

185.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 185 of the Complaint and demands strict proof thereof.

186.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 186 of the Complaint and demands strict proof thereof.

187.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 187 of the Complaint and demands strict proof thereof.

188.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 188 of the Complaint and demands strict proof thereof.

**August 16, 2020**

189.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 189 of the Complaint and demands strict proof thereof.

190.     The City denies the allegations contained in Paragraph 190 of the Complaint.

191.    The City denies the allegations in Paragraph 191 of the Complaint.

192.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 192 of the Complaint and demands strict proof thereof.

193.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 193 of the Complaint and demands strict proof thereof.

**August 18, 2020**

194.    The City admits that on August 18, 2020 Second Amendment activists marched on Broad Street.  The City does not possess sufficient information to either admit or deny the remaining allegations set forth in Paragraph 194 of the Complaint and demands strict proof thereof.

195.    The City admits that a group marched from downtown Richmond to the Science Museum.  The remaining allegations in Paragraph 195 of the Complaint are denied.

196.    The City denies the allegations contained in Paragraph 196 of the Complaint.

197.    The City admits that on August 18, 2020 a "Black Lives Matter" march occurred on Broad Street and VSP and VCU officers were present. The remaining allegations in Paragraph 197 are denied.

198.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 198 of the Complaint and demands strict proof thereof.

199.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 199 of the Complaint and demands strict proof thereof.

200.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 200 of the Complaint and demands strict proof thereof.

**August 20, 2020**

201.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 201 of the Complaint and demands strict proof thereof.

202.    The City denies the allegations contained in Paragraph 202 of the Complaint.

203.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 203 of the Complaint and demands strict proof thereof.

204.    The City admits that a person claiming to be the owner of GWARbar informed the police that the individuals on the private property were there with his permission and that the police asked certain individuals for identification.  The remaining allegations in Paragraph 204 of the Complaint are denied.

205.    The City admits that the officers detained a male.  The remaining allegations in Paragraphs 205 of the Complaint are denied.

206.    The City admits that Officer Frazer raised a fogger and told the crowd to get back.  The remaining allegations in Paragraph 206 in the Complaint are denied.

207.     The City denies the allegations contained in Paragraph 207 of the Complaint.

208.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 208 of the Complaint and demands strict proof thereof.

209.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 209 of the Complaint and demands strict proof thereof.

210.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 210 of the Complaint and demands strict proof thereof.

211.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 211 of the Complaint and demands strict proof thereof.

212.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 212 of the Complaint and demands strict proof thereof.

213.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 213 of the Complaint and demands strict proof thereof.

214.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 214 of the Complaint and demands strict proof thereof.

215.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 215 of the Complaint and demands strict proof thereof.

216.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 216 of the Complaint and demands strict proof thereof.

217.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 217 of the Complaint and demands strict proof thereof.

218.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 218 of the Complaint and demands strict proof thereof.

219.    The City denies the allegations contained in Paragraph 219 of the Complaint.

220.    The City admits that Ruiz-Oyler arrested Minium.  The remaining allegations in Paragraph 220 of the Complaint are denied.

221.    The City denies the allegations in Paragraph 221 of the Complaint.

222.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 222 of the Complaint and demands strict proof thereof.

223.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 223 of the Complaint and demands strict proof thereof.

224.     The City denies that there was an unwarranted assault on Plaintiff Jarvis by Richmond Police.  The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 224 of the Complaint and demands strict proof thereof.

225.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 225 of the Complaint and demands strict proof thereof.

226.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 226 of the Complaint and demands strict proof thereof.

**September 14, 2020**

227.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 227 of the Complaint and demands strict proof thereof.

228.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 228 of the Complaint and demands strict proof thereof.

**September 25, 2020**

229.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 229 of the Complaint and demands strict proof thereof.

230.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 230 of the Complaint and demands strict proof thereof.

231.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 231 of the Complaint and demands strict proof thereof.

232.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 232 of the Complaint and demands strict proof thereof.

233.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 233 of the Complaint and demands strict proof thereof.

**October 17, 2020**

234.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 234 of the Complaint and demands strict proof thereof.

235.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 235 of the Complaint and demands strict proof thereof.

236.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 236 of the Complaint and demands strict proof thereof.

237.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 237 of the Complaint and demands strict proof thereof.

**October 27, 2020**

238.    The City denies the allegations in Paragraph 238 of the Complaint.

239.    The City denies the allegations in Paragraph 239 of the Complaint.

240.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 240 of the Complaint and demands strict proof thereof.

241.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 241 of the Complaint and demands strict proof thereof.

242.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 242 of the Complaint and demands strict proof thereof.

243.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 243 of the Complaint and demands strict proof thereof.

244.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 244 of the Complaint and demands strict proof thereof.

**November 7, 2020**

245.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 245 of the Complaint and demands strict proof thereof.

246.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 246 of the Complaint and demands strict proof thereof.

247.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 247 of the Complaint and demands strict proof thereof.

248.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 248 of the Complaint and demands strict proof thereof.

**November 12, 2020**

249.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 249 of the Complaint and demands strict proof thereof.

250.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 250 of the Complaint and demands strict proof thereof.

251.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 251 of the Complaint and demands strict proof thereof.

252.     The City denies the allegations contained in Paragraph 252 of the Complaint.

**Alice Minium's Unlawful Arrest:  August 2, 2020**

253.     The City admits that on August 20, 2020 the Plaintiff Minium was with a group of individuals outside GWARBar and Richmond Police officers along with Virginia State Police were present in the area.  The remaining allegations contained in Paragraph 253 of the Complaint are denied.

31

254.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 254 of the Complaint and demands strict proof thereof.

255.     The City denies the allegations in paragraph 255 of the Complaint.

256.     The City denies the allegations in Paragraph 256 of the Complaint.

257.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 257 of the Complaint and demands strict proof thereof.

258.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 258 of the Complaint and demands strict proof thereof.

259.     The City admits that Officers Ruiz-Oyler and Bondy detained Plaintiff Minium. The remaining allegations in Paragraph 259 are denied.

260.     The City admits the allegations contained in Paragraph 260 of the Complaint.

261.     The City admits that Plaintiff Minium was taken to the magistrate's office. The remaining allegations in Paragraph 261 of the Complaint are denied.

262.     The City admits that Richmond Police held Plaintiff Minium's phone and other belongings.  The remaining allegations in Paragraph 262 of the Complaint are denied.

263.     The City admits that on August 25, 2020 Ruiz-Oyler obtained a search warrant for Minium's phone, social media, contacts and location history.  The remaining allegations in Paragraph 263 of the Complaint are denied.

264.    The City admits the allegations contained in Paragraph 264 of the Complaint.

265.    The City admits that Plaintiff Minium's phone was returned on January 11, 2021.

### Vanna Goodenow's Unlawful Arrest:  October 27, 2020

266.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 266 of the Complaint and demands strict proof thereof.

267.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 267 of the Complaint and demands strict proof thereof.

268.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 268 of the Complaint and demands strict proof thereof.

269.    The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 269 of the Complaint and demands strict proof thereof.

270.    The City denies the allegations set forth in Paragraph 270 of the Complaint and demands strict proof thereof.

271.    The City admits that Richmond Police Officers told Plaintiff Goodenow to go to the corner and that one officer confirmed that her body camera was on.  The remaining allegations in Paragraph 271 of the Complaint are denied.

272.    The City admits the allegations in Paragraph 272 of the Complaint.

273.     The City admits that two officers approach Plaintiff Goodenow told her to go to the corner.  The remaining allegations in Paragraph 273 of the Complaint are denied.

274.     The City admits the allegations contained in Paragraph 274 of the Complaint.

275.     The City admits the allegations contained in Paragraph 275 of the Complaint.

276.     The City admits the allegations contained in Paragraph 276 of the Complaint.

277.     The City denies the allegations contained in Paragraph 277 of the Complaint.

278.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 278 of the Complaint and demands strict proof thereof.

**Ellis Weller's Unlawful Arrest:  June 16, 2021**

279.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 279 of the Complaint and demands strict proof thereof.

280.     The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 280 of the Complaint and demands strict proof thereof.

281.     The City admits that Richmond Police Officers instructed the group to get on the sidewalk. The City does not possess sufficient information to either admit or deny

the remaining allegations set forth in Paragraph 281 of the Complaint and demands strict proof thereof.

282. The City does not possess sufficient information to either admit or deny the allegations set forth in Paragraph 282 of the Complaint and demands strict proof thereof.

283. The City admits that Plaintiff Weller was arrested by Officer Campbell and that her shoe came off. The City denies the remaining allegations in Paragraph 283 of the Complaint.

284. The City admits that Weller was detained for approximately 5-10 minutes. The remaining allegations in Paragraph 284 of the Complaint are denied.

285. The City admits that another individual was arrested and released.  The City denies the remaining allegations set forth in Paragraph 285 of the Complaint.

286. The City admits that Weller and the other individual was charged with a violation of Va. Code §46.2-928.  The City cannot admit or deny the remaining allegations set forth in Paragraph 286 of the Complaint and demands strict proof thereof.

287. The City admits the allegations contained in Paragraph 287 of the Complaint.

### Injury to Plaintiffs

288. In response to Paragraph 288 of the Complaint, the City hereby incorporates by reference its responses to the allegations set forth in paragraphs 1 through 287 as if fully set forth herein.

289. The City denies the allegations contained in Paragraph 289 of the Complaint.

290.    The City denies the allegations contained in Paragraph 290 of the Complaint.

291.    The City denies the allegations contained in Paragraph 291 of the Complaint.

292.    The City denies the allegations contained in Paragraph 292 of the Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**
**42 U.S.C. §1983 – FIRST AMENDMENT RETALIATION**
**Seeking Declaratory and Injunctive Relief, Compensatory and Punitive**
**Damages (Against all appropriate Defendants, jointly or severally)**

293.    In response to Paragraph 293 of the Complaint, the City hereby incorporates by reference its responses to the allegations set forth in paragraphs 1 through 292 as if fully set forth herein.

294.    The allegations contained in Paragraph 294 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 294 of the Complaint.

295.    The allegations contained in Paragraph 295 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 295 of the Complaint.

296.    The allegations contained in Paragraph 296 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a

response is required, the City denies the allegations contained in Paragraph 296 of the Complaint.

297.    The allegations contained in Paragraph 297 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 297 of the Complaint.

298.    The allegations contained in Paragraph 298 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 298 of the Complaint.

299.    The allegations contained in Paragraph 299 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 299 of the Complaint.

300.    The City denies the allegations contained in Paragraph 300 of the Complaint.

301.    The City denies the allegations contained in Paragraph 301 of the Complaint.

302.    The City denies the allegations contained in Paragraph 302 of the Complaint.

303.    The City denies the allegations contained in Paragraph 303 of the Complaint.

304.    The City denies the allegations contained in Paragraph 304 of the Complaint.

305.    The City denies the allegations contained in Paragraph 305 of the Complaint.

306.    The City denies the allegations contained in Paragraph 306 of the Complaint.

307.    The City denies the allegations contained in Paragraph 307 of the Complaint.

308.    The City denies the allegations contained in Paragraph 308 of the Complaint.

309.    The City denies the allegations contained in Paragraph 309 of the Complaint.

310.    The City denies the allegations contained in Paragraph 310 of the Complaint.

311.    The City denies the allegations contained in Paragraph 311 of the Complaint.

312.    The allegations contained in Paragraph 312 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 312 of the Complaint.

313.    The City denies the allegations contained in Paragraph 313 of the Complaint.

## COUNT II
### 42 U.S.C. §1983 – VIOLATION OF THE FOURTEENTH AMENDMENT
### Seeking Declaratory and Injunctive Relief, Compensatory and Punitive Damages
### (Against all appropriate Defendants, jointly or severally)

314.     In response to Paragraph 314 of the Complaint, the City hereby incorporates by reference its responses to the allegations set forth in paragraphs 1 through 313 as if fully set forth herein.

315.     The allegations contained in Paragraph 315 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 315 of the Complaint.

316.     The allegations contained in Paragraph 316 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 316 of the Complaint.

317.     The allegations contained in Paragraph 317 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 317 of the Complaint.

318.     The allegations contained in Paragraph 318 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 318 of the Complaint.

319.     The City denies the allegations contained in paragraph 319 of the Complaint.

320.    The City denies the allegations contained in paragraph 320 of the Complaint.

321.    The City denies the allegations contained in paragraph 321 of the Complaint.

322.    The City denies the allegations contained in paragraph 322 of the Complaint.

323.    The City denies the allegations contained in paragraph 323 of the Complaint.

324.    The City denies the allegations contained in paragraph 324 of the Complaint.

325.    The City denies the allegations contained in paragraph 325 of the Complaint.

326.    The City denies the allegations contained in paragraph 326 of the Complaint.

327.    The City denies the allegations contained in paragraph 327 of the Complaint.

328.    The City denies the allegations contained in paragraph 328 of the Complaint.

**COUNT III**
**42 U.S.C. §1983 – EXCESSIVE FORCE**
**IN VIOLATION OF THE FOURTH AMENDMENT**
**Seeking Declaratory and Injunctive Relief, Compensatory and Punitive Damages**
**(Against all appropriate Defendants, jointly or severally)**

329.    In response to Paragraph 329 of the Complaint, the City hereby incorporates by reference its responses to the allegations set forth in paragraphs 1 through 328 as if fully set forth herein.

330.     The allegations contained in Paragraph 330 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 330 of the Complaint.

331.     The allegations contained in Paragraph 331 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 331 of the Complaint.

332.     The allegations contained in Paragraph 332 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 332 of the Complaint.

333.     The allegations contained in Paragraph 333 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 333 of the Complaint.

334.     The City denies the allegations contained in Paragraph 334 of the Complaint.

335.     The City denies the allegations contained in Paragraph 335 of the Complaint.

336.     The City denies the allegations contained in Paragraph 336 of the Complaint.

337.     The allegations contained in Paragraph 337 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a

response is required, the City denies the allegations contained in Paragraph 337 of the Complaint.

338.    The City denies the allegations contained in Paragraph 338 of the Complaint.

339.    The City denies the allegations contained in Paragraph 339 of the Complaint.

340.    The City denies the allegations contained in Paragraph 340 of the Complaint.

341.    The City denies the allegations contained in Paragraph 341 of the Complaint.

342.    The City denies the allegations contained in Paragraph 342 of the Complaint.

343.    The City denies the allegations contained in Paragraph 343 of the Complaint.

**COUNT IV**
**42 U.S.C. §1983 – UNLAWFUL SEIZURE**
**IN VIOLATION OF THE FOURTH AMENDMENT**
**Seeking Declaratory and Injunctive Relief, Compensatory and Punitive Damages**
**(Against all appropriate Defendants, jointly or severally)**

344.    In response to Paragraph 344 of the Complaint, the City hereby incorporates by reference its responses to the allegations set forth in paragraphs 1 through 343 as if fully set forth herein.

345.    The allegations contained in Paragraph 345 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 345 of the Complaint.

346.    The allegations contained in Paragraph 346 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 346 of the Complaint.

347.    The allegations contained in Paragraph 347 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 347 of the Complaint.

348.    The allegations contained in Paragraph 348 of the Complaint constitute legal conclusions of law to which no response from the City is required. To the extent a response is required, the City denies the allegations contained in Paragraph 348 of the Complaint.

349.    The City denies the allegations contained in Paragraph 349 in the Complaint.

350.    The City denies the allegations contained in Paragraph 350 in the Complaint.

351.    The City denies the allegations contained in Paragraph 351 in the Complaint.

352.    The City denies the allegations contained in Paragraph 352 in the Complaint.

353.    The City admits the allegations contained in Paragraph 353 in the Complaint.

354.    The City denies the allegations contained in Paragraph 354 in the Complaint.

355.     The City denies the allegations contained in Paragraph 355 in the Complaint.

356.     The City denies the allegations contained in Paragraph 356 in the Complaint.

357.     The City denies the allegations contained in Paragraph 357 in the Complaint.

358.     The City denies the allegations contained in Paragraph 358 in the Complaint.

**COUNT V**
**42 U.S.C. §1983 – SUPEERVISOR LIABILITY**
**Seeking Declaratory and Injunctive Relief, Compensatory and Punitive Damages**
**(Against all appropriate Defendants, jointly or severally)**

359.     In response to Paragraph 359 of the Complaint, the City hereby incorporates by reference its responses to the allegations set forth in paragraphs 1 through 358 as if fully set forth herein.

360.     The City admits the allegations contained in Paragraph 360 of the Complaint.

361.     The City admits the allegations contained in Paragraph 361 of the Complaint.

362.      The City admits the allegations contained in Paragraph 362 of the Complaint.

363.     The allegations contained in Paragraph 363 of the Complaint constitute legal conclusions of law to which no response from the City is required.  To the extent a response is required, the City denies the allegations contained in Paragraph 363 of the Complaint.

44

364.     The City denies the allegations contained in Paragraph 364 of the Complaint.

365.     The City denies the allegations contained in Paragraph 365 of the Complaint.

366.     The City denies the allegations contained in Paragraph 366 of the Complaint.

367.     The City denies the allegations contained in Paragraph 367 of the Complaint.

368.     The City denies the allegations contained in Paragraph 368 of the Complaint.

369.     The City denies the allegations contained in Paragraph 369 of the Complaint.

370.     The City denies the allegations contained in Paragraph 370 of the Complaint.

371.     The City denies the allegations contained in Paragraph 371 of the Complaint.

372.     The City denies the allegations contained in Paragraph 372 of the Complaint.

373.     The City denies the allegations contained in Paragraph 373 of the Complaint.

374.     The City denies the allegations contained in Paragraph 374 of the Complaint.

375.     The City denies the allegations contained in Paragraph 375 of the Complaint.

**COUNT VI**
**INJUNCTIVE RELIEF**

376.     In response to Paragraph 376 of the Complaint, the City hereby incorporates by reference its responses to the allegations set forth in paragraphs 1 through 375 as if fully set forth herein.

377.     The City denies the allegations contained in Paragraph 377 of the Complaint.

378.     The City denies the allegations contained in Paragraph 378 of the Complaint.

379.     The City denies the allegations contained in Paragraph 379 of the Complaint.

380.     The City denies the allegations contained in Paragraph 380 of the Complaint.

381.     The City denies the allegations contained in Paragraph 381 of the Complaint.

382.     The City denies the allegations contained in Paragraph 382 of the Complaint.

383.     The City denies the allegations contained in Paragraph 383 of the Complaint.

384.     The City denies the allegations contained in Paragraph 384 of the Complaint.

385.     The City denies the allegations contained in Paragraph 385 of the Complaint.

No response is required to Plaintiffs' Claims for Relief.  To the extent that a response is deemed required, the City denies that the Plaintiffs are entitled to damages or to any relief whatsoever.

Each and every allegation contained in Plaintiffs' Complaint not expressly admitted herein are denied.

## AFFIRMATIVE DEFENSES

The City states the following defenses to the claims asserted in Plaintiffs' Complaint without assuming the burden of proof on any such defenses that would otherwise rest on the Plaintiffs and with the reservation of its right to amend or supplement its responses to the Complaint, as well as its affirmative defenses, as information is obtained.

### FIRST AFFIRMATIVE DEFENSE

The City affirmatively asserts, where applicable, the defense of sovereign or governmental immunity.

### SECOND AFFIRMATIVE DEFENSE

The City affirmatively asserts that Plaintiffs have failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The City denies that it violated any constitutional rights of the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

The City denies that the proof of this action would enable the Plaintiffs to recover punitive damages against it and, in any event, such damages are not, as a matter of law, recoverable against it.

**FIFTH AFFIRMATIVE DEFENSE**

The City denies that it was guilty of any actions or inactions that would allow the Plaintiffs to recover in this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

The Plaintiff's cannot make out a <u>Monell</u> Claim under Section 1983 against the City.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant affirmatively asserts that Plaintiffs' claims are barred by the illegality of their conduct

**EIGHTH AFFIRMATIVE DEFENSE**

The City denies that the Plaintiffs suffered any losses or damages.  Any losses or damages claimed by the Plaintiffs are *de minimis*, remote speculative and/or transient and hence, are not cognizable as a matter of law.

**NINETH AFFIRMATIVE DEFENSE**

The City reserves the right to rely upon any and all other provable defenses to this action as it may be advised by subsequent discovery or by any evidence offered at any hearing or trial of this matter.  The City reserves the right to amend or enlarge upon these pleadings as it may be advised.

WHEREFORE, Defendant City of Richmond respectfully requests that this action be dismissed against the City with prejudice and that the City be awarded its costs expended in defense of this action including, but not limited to, its attorneys' fees, expert witness fees, court costs, and such other relief that the Court deems necessary and appropriate.

48

Date:   August 8, 2022            Respectfully Submitted,


                                  By:


                                  _____/s/_____
                                  Wirt P. Marks, Esquire (VSB #36770)
                                  Senior Assistant City Attorney
                                  Zachary P. Grubaugh, Esquire (VSB #83944)
                                  Assistant City Attorney
                                  City Hall, Room 400
                                  900 East Broad Street
                                  Richmond, Virginia 23219
                                  Telephone: (804) 646-3019
                                  Facsimile: (804) 646-7939
                                  Email: Wirt.Marks@rva.gov
                                  Email: Zachary.Grubaugh@rva.gov
                                  *Counsel for Defendant City of Richmond*


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of said filing to all counsel of record.



                                  _____/s/_____
                                  Wirt P. Marks, Esquire (VSB #36770)
                                  Senior Assistant City Attorney
                                  900 East Broad Street, Room 400
                                  Richmond, Virginia  23219
                                  Telephone:  (804) 646-3019
                                  Facsimile: (804) 646-7939
                                  Email:  Wirt.Marks@rva.gov
                                  *Counsel for Defendant City of Richmond*