IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES H. SCHMIDT, KRISTOPHER C.
GOAD, GREYSON GOODENOW AKA
VANNA GOODENOW, JIMMIE LEE
JARVIS, ALICE MINIUM, AND THERESSA
N. WELLER AKA EILIS WELLER,
ANDREW RINGLE, EDUARDO ACEVEDO,

    Plaintiffs,

v.                         Case No. 3:22-cv-404

CITY OF RICHMOND, WILLIAM C.
SMITH, IN HIS INDIVIDUAL CAPACITY,
WILLIAM BLACKWELL, IN HIS
INDIVIDUAL CAPACITY, GERALD M.
SMITH, IN HIS INDIVIDUAL CAPACITY,
JOHN BRIDGES, IN HIS INDIVIDUAL
CAPACITY, THOMAS W. LLOYD, IN HIS
INDIVIDUAL CAPACITY, JAKOB A.
TORRES, IN HIS INDIVIDUAL CAPACITY,
BRENDA RUIZ-OYLER, IN HER
INDIVIDUAL CAPACITY, BENJAMIN J.
FRAZER, IN HIS INDIVIDUAL CAPACITY,
APRIL M. DIXON, IN HER INDIVIDUAL
CAPACITY, PATRICK DIGIROLAMO, IN
HIS INDIVIDUAL CAPACITY, PAUL D.
CAMPBELL, IN HIS INDIVIDUAL
CAPACITY, JUNIUS THORPE, IN HIS
INDIVIDUAL CAPACITY, NICO YOUNG,
IN HIS INDIVIDUAL CAPACITY, JOHN
BEASLEY, IN HIS INDIVIDUAL
CAPACITY, CHRISTOPHER GLEASON, IN
HIS INDIVIDUAL CAPACITY, FRANK
SCARPA, IN HIS INDIVIDUAL CAPACITY,
KATE LEONE, IN HER INDIVIDUAL
CAPACITY, DUANE PEPPEL, IN HIS
INDIVIDUAL CAPACITY, KHALID
HARRIS, IN HIS INDIVIDUAL CAPACITY,
BEN MALONE, IN HIS INDIVIDUAL
CAPACITY, TYLER CRAIG, IN HIS
INDIVIDUAL CAPACITY, KEEGAN
MILLS, IN HIS INDIVIDUAL CAPACITY,

DARIO BURALIEV, IN HIS INDIVIDUAL
CAPACITY, BENJAMIN O'ROURKE, IN
HIS INDIVIDUAL CAPACITY, DOMINIC
COLOMBO, IN HIS INDIVIDUAL
CAPACITY, DAN BONDY, IN HIS
INDIVIDUAL CAPACITY,  JASON KUTI,
IN HIS INDIVIDUAL CAPACITY, STEVE
RAWLINGS, IN HIS INDIVIDUAL
CAPACITY, OFFICER DOES 1-50, IN
THEIR INDIVIDUAL CAPACITIES,

    Defendants.

## ANSWER

Defendant Brenda Ruiz[1] ("Defendant"), by counsel, denies that she is liable to Plaintiff

and further states as follows for her Answer to the Complaint (ECF No. 1):

As to the unnumbered paragraph on the third page of the Complaint, immediately above

the section titled "Introduction," to the extent this section advances any factual allegations, those

allegations are denied in their entirety.

1.     The allegations in Paragraph 1 appear directed to a defendant other than

Defendant or constitute legal conclusions and, accordingly, no response is required.  To the

extent Paragraph 1 advances any allegations regarding Defendant, those allegations are denied in

their entirety.

2.     The allegations in Paragraph 2 appear directed to a defendant other than

Defendant and, accordingly, no response is required.  To the extent Paragraph 2 advances any

allegations regarding Defendant, those allegations are denied in their entirety.

3.     As to Paragraph 3 of the Complaint, Defendant lacks sufficient information to

admit or deny any identifying information about any of Plaintiffs.  The remaining allegations in

Paragraph 3 appear directed to a defendant other than Defendant and, accordingly, no response is

---

[1] Defendant avers that, although the Complaint identifies her as "Brenda Ruiz-Oyler," she is now known by the name "Brenda Ruiz."

required.   To the extent Paragraph 3 advances any allegations regarding Defendant, those allegations are denied in their entirety.  Defendant avers that she took no action that violated any Plaintiff's constitutional rights and is not liable to any Plaintiff for any reason.

4.     As to Paragraph 4 of the Complaint, Defendant admits that civil unrest occurred in the City of Richmond in 2020.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 4 and, therefore, denies them in the manner and form alleged.

5.     As to Paragraph 5 of the Complaint, Defendant admits that civil unrest occurred in the City of Richmond in 2020 and that this civil unrest received media attention.  The remaining allegations in Paragraph 5 appear directed to a defendant other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 5 advances any allegations regarding Defendant, those allegations are denied in their entirety.

6.     As to Paragraph 6 of the Complaint, Defendant denies that members of the news media were expressly exempt from unlawful assembly declarations.  The remaining allegations in Paragraph 6 appear directed to a defendant other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 6 advances any allegations regarding Defendant, those allegations are denied in their entirety.

7.     The allegations in Paragraph 7 appear directed to a defendant other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 7 advances any allegations regarding Defendant, those allegations are denied in their entirety.

8.     Defendant denies the allegations in Paragraph 8 of the Complaint.

9.     The allegations in Paragraph 9 appear directed to a defendant other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the

extent Paragraph 9 advances any allegations regarding Defendant, those allegations are denied in their entirety.

10.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and, therefore, denies them.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 13 does allege facts requiring a response, those facts are denied.  Defendant further denies that she is liable to Plaintiff for any reason.

14.     Paragraph 14 of the Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 14 does allege facts requiring a response, those facts are denied.  Defendant further denies that she is liable to Plaintiff for any reason.

15.     Paragraph 15 of the Complaint states legal conclusions and therefore does not require an answer.  To the extent an answer is required, Defendant avers that she does not contest jurisdiction; however, Defendant denies that she is liable to Plaintiff for any reason.

16.     As to Paragraph 16 of the Complaint, Defendant admits that venue is proper in this Court.

17.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and, therefore, denies them in the manner and form alleged.

18.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint and, therefore, denies them in the manner and form alleged.

19.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and, therefore, denies them in the manner and form alleged.

20.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint and, therefore, denies them in the manner and form alleged.

21.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and, therefore, denies them in the manner and form alleged.

22.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint and, therefore, denies them in the manner and form alleged.

23.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and, therefore, denies them in the manner and form alleged.

24.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and, therefore, denies them in the manner and form alleged.

25.     Paragraph 25 of the Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 25 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

26.     Paragraph 26 of the Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 26 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

27.     Paragraph 27 of the Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 27 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

28.     Paragraph 28 of the Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 28 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

29.     As to Paragraph 29 of the Complaint, Defendant admits that Lieutenant Lloyd is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 29 constitute legal conclusions for which no response is required.

30.     As to Paragraph 30 of the Complaint, Defendant admits that Sergeant Bridges[2] is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 30 constitute legal conclusions for which no response is required.

31.     As to Paragraph 31 of the Complaint, Defendant admits that Officer Torres is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 31 constitute legal conclusions for which no response is required.

32.     As to Paragraph 32 of the Complaint, Defendant admits that she is a former sworn officer of the Richmond Police Department.   The remaining allegations in Paragraph 32 constitute legal conclusions for which no response is required.

33.     As to Paragraph 33 of the Complaint, Defendant admits that Officer Frazer is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 33 constitute legal conclusions for which no response is required.

34.     As to Paragraph 34 of the Complaint, Defendant denies that Defendant Dixon is a current sworn officer of the Richmond Police Department.   Defendant avers that Defendant

---

[2] Defendant avers that Sergeant Jon Bridges is misidentified as "John Bridges" in the Complaint.

Dixon is no longer employed with the Richmond Police Department.  The remaining allegations in Paragraph 34 constitute legal conclusions for which no response is required.

35.    As to Paragraph 35 of the Complaint, Defendant admits that Officer Campbell is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 35 constitute legal conclusions for which no response is required.

36.    As to Paragraph 36 of the Complaint, Defendant admits that Officer Thorpe is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 36 constitute legal conclusions for which no response is required.

37.    As to Paragraph 37 of the Complaint, Defendant denies that Defendant Digirolamo is a current sworn officer of the Richmond Police Department.  Defendant avers that Defendant Digirolamo is no longer employed with the Richmond Police Department.  The remaining allegations in Paragraph 37 constitute legal conclusions for which no response is required.

38.    As to Paragraph 38 of the Complaint, Defendant admits that Defendant Young is a current sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 38 constitute legal conclusions for which no response is required.

39.    As to Paragraph 39 of the Complaint, Defendant denies that Defendant Beazley[3] is a current sworn officer of the Richmond Police Department.  Defendant avers that Defendant Beazley is no longer employed with the Richmond Police Department.  The remaining allegations in Paragraph 39 constitute legal conclusions for which no response is required.

---

[3] Defendant avers that Defendant Beazley's name is misspelled as "Beasley" in the Complaint.

7

40.     As to Paragraph 40 of the Complaint, Defendant admits that Captain Gleason[4] is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 40 constitute legal conclusions for which no response is required.

41.     As to Paragraph 41 of the Complaint, Defendant admits that Lieutenant Scarpa is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 41 constitute legal conclusions for which no response is required.

42.     As to Paragraph 42 of the Complaint, Defendant denies that Defendant Leone is a current sworn officer of the Richmond Police Department.  Defendant avers that Defendant Leone is no longer employed with the Richmond Police Department.  The remaining allegations in Paragraph 42 constitute legal conclusions for which no response is required.

43.     As to Paragraph 43 of the Complaint, Defendant admits that Officer Peppel is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 43 constitute legal conclusions for which no response is required.

44.     As to Paragraph 44 of the Complaint, Defendant admits that Sgt. Harris[5] is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 44 constitute legal conclusions for which no response is required.

45.     As to Paragraph 45 of the Complaint, Defendant admits that Officer Malone is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 45 constitute legal conclusions for which no response is required.

46.     As to Paragraph 46 of the Complaint, Defendant denies that Defendant Craig is a current sworn officer of the Richmond Police Department.  Defendant avers that Defendant

---

[4] Defendant avers that Defendant Gleason has been promoted to the rank of Captain.
[5] Defendant avers that Defendant Harris has been promoted to the rank of Sergeant.

8

Craig is no longer employed with the Richmond Police Department. The remaining allegations in Paragraph 46 constitute legal conclusions for which no response is required.

47.     As to Paragraph 47 of the Complaint, Defendant admits that Officer Mills is a sworn officer of the Richmond Police Department. The remaining allegations in Paragraph 47 constitute legal conclusions for which no response is required.

48.     As to Paragraph 48 of the Complaint, Defendant admits that Officer Buraliev is a sworn officer of the Richmond Police Department. The remaining allegations in Paragraph 48 constitute legal conclusions for which no response is required.

49.     As to Paragraph 49 of the Complaint, Defendant denies that Defendant O'Rourke is a current sworn officer of the Richmond Police Department. Defendant avers that Defendant O'Rourke is no longer employed with the Richmond Police Department. The remaining allegations in Paragraph 49 constitute legal conclusions for which no response is required.

50.     As to Paragraph 50 of the Complaint, Defendant admits that Officer Colombo is a sworn officer of the Richmond Police Department. The remaining allegations in Paragraph 50 constitute legal conclusions for which no response is required.

51.     As to Paragraph 51 of the Complaint, Defendant denies that Defendant Bondy is a current sworn officer of the Richmond Police Department. Defendant avers that Defendant Bondy is no longer employed with the Richmond Police Department. The remaining allegations in Paragraph 51 constitute legal conclusions for which no response is required.

52.     As to Paragraph 52 of the Complaint, Defendant admits that Officer Kuti is a sworn officer of the Richmond Police Department. The remaining allegations in Paragraph 52 constitute legal conclusions for which no response is required.

53.     As to Paragraph 53 of the Complaint, Defendant admits that Officer Rawlings is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 53 constitute legal conclusions for which no response is required.

54.     The allegations in Paragraph 54 appear directed to a defendant other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 54, including subparts a (i-xx), b, c, and d, advances any allegations regarding Defendant, those allegations are denied in their entirety.  Defendant further denies that she is liable to any Plaintiff for any reason.

55.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 55 of the Complaint and, therefore, denies them.

56.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 56 of the Complaint and, therefore, denies them.

57.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 57 of the Complaint and, therefore, denies them.

58.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 58 of the Complaint and, therefore, denies them.

59.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 59 of the Complaint and, therefore, denies them.

60.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 60 of the Complaint and, therefore, denies them.

61.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 61 of the Complaint and, therefore, denies them.

62.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 62 of the Complaint and, therefore, denies them.

63.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 63 of the Complaint and, therefore, denies them.  Defendant specifically denies that she ever deployed tear gas or any other less lethal munitions on "peaceful" protestors.

64.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 64 of the Complaint and, therefore, denies them.  Defendant specifically denies that she ever deployed tear gas or any other less lethal munitions on "peaceful" protestors.

65.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 65 of the Complaint and, therefore, denies them.

66.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 66 of the Complaint and, therefore, denies them.

67.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 67 of the Complaint and, therefore, denies them.

68.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 68 of the Complaint and, therefore, denies them.

69.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 69 of the Complaint and, therefore, denies them.

70.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 70 of the Complaint and, therefore, denies them.

71.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 71 of the Complaint and, therefore, denies them.

72.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 72 of the Complaint and, therefore, denies them.

73.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 73 of the Complaint and, therefore, denies them.

74.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 74 of the Complaint and, therefore, denies them.

75.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 75 of the Complaint and, therefore, denies them.

76.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 76 of the Complaint and, therefore, denies them.

77.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 77 of the Complaint and, therefore, denies them.

78.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 78 of the Complaint and, therefore, denies them.

79.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 79 of the Complaint and, therefore, denies them.

80.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 80 of the Complaint and, therefore, denies them.

81.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 81 of the Complaint and, therefore, denies them.

82.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 82 of the Complaint and, therefore, denies them.

83.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 83 of the Complaint and, therefore, denies them.

84.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 84 of the Complaint and, therefore, denies them.

85.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 85 of the Complaint and, therefore, denies them.

86.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 86 of the Complaint and, therefore, denies them.

87.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 87 of the Complaint and, therefore, denies them.

88.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 88 of the Complaint and, therefore, denies them.

89.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 89 of the Complaint and, therefore, denies them.

90.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 90 of the Complaint and, therefore, denies them.

91.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 91 of the Complaint and, therefore, denies them.

92.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 92 of the Complaint and, therefore, denies them.

93.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 93 of the Complaint and, therefore, denies them.

94.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 94 of the Complaint and, therefore, denies them.

95.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 95 of the Complaint and, therefore, denies them.

96.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 96 of the Complaint and, therefore, denies them.

97.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 97 of the Complaint and, therefore, denies them.

98.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 98 of the Complaint and, therefore, denies them.

99.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 99 of the Complaint and, therefore, denies them.

100.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 100 of the Complaint and, therefore, denies them.

101.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 101 of the Complaint and, therefore, denies them.

102.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 102 of the Complaint and, therefore, denies them.

103.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 103 of the Complaint and, therefore, denies them.

104.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 104 of the Complaint and, therefore, denies them.

105.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 105 of the Complaint and, therefore, denies them.

106.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 106 of the Complaint and, therefore, denies them.

107.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 107 of the Complaint and, therefore, denies them.

108.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 108 of the Complaint and, therefore, denies them.

109.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 109 of the Complaint and, therefore, denies them.

110.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 110 of the Complaint and, therefore, denies them.

111.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 111 of the Complaint and, therefore, denies them.

112.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 112 of the Complaint and, therefore, denies them.

113.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 113 of the Complaint and, therefore, denies them.

114.     As to Paragraph 114 of the Complaint, Defendant admits that police declared an unlawful assembly outside of Richmond Police Department Headquarters on the evening of July 25, 2020.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 114 of the Complaint.

115.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 115 of the Complaint and, therefore, denies them.

116.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 116 of the Complaint and, therefore, denies them.

117.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 117 of the Complaint and, therefore, denies them.

118.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 118 of the Complaint and, therefore, denies them.

119.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 119 of the Complaint and, therefore, denies them.

120.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 120 of the Complaint and, therefore, denies them.

121.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 121 of the Complaint and, therefore, denies them.

122.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 122 of the Complaint and, therefore, denies them.

123.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 123 of the Complaint and, therefore, denies them.

124.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 124 of the Complaint and, therefore, denies them.

125.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 125 of the Complaint and, therefore, denies them.

126.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 126 of the Complaint and, therefore, denies them.

127.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 127 of the Complaint and, therefore, denies them.

128.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 128 of the Complaint and, therefore, denies them.

129.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 129 of the Complaint and, therefore, denies them.

130.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 130 of the Complaint and, therefore, denies them.

131.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 131 of the Complaint and, therefore, denies them.

132.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 132 of the Complaint and, therefore, denies them.

133.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 133 of the Complaint and, therefore, denies them.

134.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 134 of the Complaint and, therefore, denies them.

135.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 135 of the Complaint and, therefore, denies them.

136.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 136 of the Complaint and, therefore, denies them.

137.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 137 of the Complaint and, therefore, denies them.

138.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 138 of the Complaint and, therefore, denies them.

139.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 139 of the Complaint and, therefore, denies them.

140.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 140 of the Complaint and, therefore, denies them.

141.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 141 of the Complaint and, therefore, denies them.

142.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 142 of the Complaint and, therefore, denies them.

143.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 143 of the Complaint and, therefore, denies them.

144.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 144 of the Complaint and, therefore, denies them.

145.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 145 of the Complaint and, therefore, denies them.

146.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 146 of the Complaint and, therefore, denies them.

147.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 147 of the Complaint and, therefore, denies them.

148.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 148 of the Complaint and, therefore, denies them.

149.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 149 of the Complaint and, therefore, denies them.

150.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 150 of the Complaint and, therefore, denies them.

151.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 151 of the Complaint and, therefore, denies them.

152.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 152 of the Complaint and, therefore, denies them.

153.    Defendant denies the allegations in Paragraph 153 of the Complaint.

154.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 154 of the Complaint and, therefore, denies them.

155.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 155 of the Complaint and, therefore, denies them.

156.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 156 of the Complaint and, therefore, denies them.

157.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 157 of the Complaint and, therefore, denies them.

158.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 158 of the Complaint and, therefore, denies them.

159.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 159 of the Complaint and, therefore, denies them.

160.     As to Paragraph 160 of the Complaint, Defendant denies that a young woman was "attacked, pepper sprayed, thrown to the ground and arrested by Richmond Police."  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 160 and, therefore, denies them.

161.     As to Paragraph 161 of the Complaint, Defendant denies that Sgt. Bridges was the "commanding officer."  As to the remaining allegations in Paragraph 161, Defendant lacks sufficient information to admit those allegations and, therefore, denies them.

162.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 162 of the Complaint and, therefore, denies them.

163.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 163 of the Complaint and, therefore, denies them.

164.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 164 of the Complaint and, therefore, denies them.

165.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 165 of the Complaint and, therefore, denies them.

166.     Defendant denies the allegations in Paragraph 166 of the Complaint.

167.     As to the allegations in Paragraph 167 of the Complaint, Defendant admits that Police declared an unlawful assembly during the early morning hours of June 15, 2020, but denies that "nobody could hear them" or that their announcement was "inaudible."  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 167 of the Complaint and, therefore, denies them.

168.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 168 of the Complaint and, therefore, denies them.

169.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 169 of the Complaint and, therefore, denies them.

170.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 170 of the Complaint and, therefore, denies them.

171.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 171 of the Complaint and, therefore, denies them.

172.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 172 of the Complaint and, therefore, denies them.

173.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 173 of the Complaint and, therefore, denies them.

174.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 174 of the Complaint and, therefore, denies them.

175.     Defendant admits the allegations contained in Paragraph 175.

176.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 176 of the Complaint and, therefore, denies them.

177.     As to the allegations in Paragraph 177 of the Complaint, Defendant admits that officers deployed less lethal munitions on Monument Avenue on June 21, 2020.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 177 of the Complaint and, therefore, denies them.

178.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 178 of the Complaint and, therefore, denies them.

179.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 179 of the Complaint and, therefore, denies them.

180.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 180 of the Complaint and, therefore, denies them.

181.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 181 of the Complaint and, therefore, denies them.

182.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 182 of the Complaint and, therefore, denies them.

183.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 183 of the Complaint and, therefore, denies them.

184.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 184 of the Complaint and, therefore, denies them.

185.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 185 of the Complaint and, therefore, denies them.

186.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 186 of the Complaint and, therefore, denies them.

187.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 187 of the Complaint and, therefore, denies them.

188.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 188 of the Complaint and, therefore, denies them.

189.    Defendant admits that she was present with other officers at the corner of Broad and Belvidere Streets on the evening of August 16, 2020 and that Jarvis approached them. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 189 of the Complaint and, therefore, denies them.

190.    Defendant denies the allegations in Paragraph 190 of the Complaint.

191.    Defendant denies the allegations in Paragraph 191 of the Complaint in the manner and form alleged, specifically that she at any time "followed" or taunted Jarvis.

192.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 192 of the Complaint and, therefore, denies them.

193.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 193 of the Complaint and, therefore, denies them.

194.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 194 of the Complaint and, therefore, denies them.

195.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 195 of the Complaint and, therefore, denies them.

196.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 196 of the Complaint and, therefore, denies them.

197.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 197 of the Complaint and, therefore, denies them.

198.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 198 of the Complaint and, therefore, denies them.

199.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 199 of the Complaint and, therefore, denies them.

200.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 200 of the Complaint and, therefore, denies them.

201.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 201 of the Complaint and, therefore, denies them.

202.  Defendant lacks sufficient information to admit or deny the allegations in Paragraph 201 of the Complaint and, therefore, denies them.

203.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 203 of the Complaint and, therefore, denies them.

204.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 204 of the Complaint and, therefore, denies them.

205.    Defendant denies the allegations in Paragraph 205 of the Complaint.

206.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 206 of the Complaint and, therefore, denies them.

207.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 207 of the Complaint and, therefore, denies them.

208.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 208 of the Complaint and, therefore, denies them.

209.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 209 of the Complaint and, therefore, denies them.

210.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 210 of the Complaint and, therefore, denies them.

211.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 211 of the Complaint and, therefore, denies them.

212.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 212 of the Complaint and, therefore, denies them.

213.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 213 of the Complaint and, therefore, denies them.

214.    To the extent the allegations in Paragraph 214 are directed toward Defendant, Defendant denies those allegations in their entirety.  Defendant denies the remaining allegations in Paragraph 214 in the manner and form alleged.

215.    Defendant denies the allegations in Paragraph 215 in the manner and form alleged.

216.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 216 of the Complaint and, therefore, denies them.

217.    Defendant admits that she was at the GWARBar on the evening of August 20, 2020.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 217 and, therefore, denies them.

218.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 218 of the Complaint and, therefore, denies them.

219.    Defendant denies the allegations in Paragraph 219 of the Complaint.

220.    As to Paragraph 220 of the Complaint, Defendant admits that she arrested Minium on the evening of August 20, 2020.  Defendant denies the remaining allegations in Paragraph 220 of the Complaint.

221.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 221 of the Complaint and, therefore, denies them.

222.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 222 of the Complaint and, therefore, denies them.

223.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 223 of the Complaint and, therefore, denies them.

224.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 224 of the Complaint and, therefore, denies them.

225.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 225 of the Complaint and, therefore, denies them.

226.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 226 of the Complaint and, therefore, denies them.

227.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 227 of the Complaint and, therefore, denies them.

228.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 228 of the Complaint and, therefore, denies them.

229.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 229 of the Complaint and, therefore, denies them.

230.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 230 of the Complaint and, therefore, denies them.

231.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 231 of the Complaint and, therefore, denies them.

232.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 232 of the Complaint and, therefore, denies them.

233.    Defendant denies the allegations in Paragraph 233 of the Complaint.

234.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 234 of the Complaint and, therefore, denies them.

235.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 235 of the Complaint and, therefore, denies them.

236.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 236 of the Complaint and, therefore, denies them.

237.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 237 of the Complaint and, therefore, denies them.

238.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 238 of the Complaint and, therefore, denies them.

239.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 239 of the Complaint and, therefore, denies them.

240.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 240 of the Complaint and, therefore, denies them.

241.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 241 of the Complaint and, therefore, denies them.

242.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 242 of the Complaint and, therefore, denies them.

243.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 243 of the Complaint and, therefore, denies them.

244.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 244 of the Complaint and, therefore, denies them.

245.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 245 of the Complaint and, therefore, denies them.

246.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 246 of the Complaint and, therefore, denies them.

247.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 247 of the Complaint and, therefore, denies them.

248.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 248 of the Complaint and, therefore, denies them.

249.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 249 of the Complaint and, therefore, denies them.

250.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 250 of the Complaint and, therefore, denies them.

251.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 251 of the Complaint and, therefore, denies them.

252.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 252 of the Complaint and, therefore, denies them.

253.    As to the allegations in Paragraph 253 of the Complaint, Defendant admits that Minium was at the GWARBar on August 20, 2020 and that a number of Richmond Police officers arrived on scene.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 253 of the Complaint and, therefore, denies them in the manner and form alleged.

254.    Defendant denies the allegations in Paragraph 254 of the Complaint.

255.    Defendant denies the allegations in Paragraph 255 of the Complaint.

256.    Defendant denies the allegations in Paragraph 256 of the Complaint.

257.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 257 of the Complaint and, therefore, denies them.

258.    Defendant admits that she lawfully requested Minium's identification, and that Minium refused to provide it.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 258 and, therefore, denies them.

259.    Defendant denies the allegations in Paragraph 259 of the Complaint.

260.    Defendant admits the allegation in Paragraph 260 of the Complaint.

261.    Defendant denies the allegation in Paragraph 261 of the Complaint.

262.    As to the allegations in Paragraph 262 of the Complaint, Defendant admits to lawfully taking possession of Minium's cell phone during the course of her arrest.  Defendant denies the remaining allegations in Paragraph 262.

263.    As to Paragraph 263 of the Complaint, Defendant admits to having obtained a search warrant for Minium's cell phone and social media.  Defendant denies the remaining allegations in Paragraph 263, including that she provided any misleading statements in order to obtain search warrants.

264.    Defendant admits the allegations in Paragraph 264 of the Complaint.

265.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 265 of the Complaint and, therefore, denies them.

266.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 266 of the Complaint and, therefore, denies them.

267.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 267 of the Complaint and, therefore, denies them.

268.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 268 of the Complaint and, therefore, denies them.

269.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 269 of the Complaint and, therefore, denies them.

270.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 270 of the Complaint and, therefore, denies them.

271.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 271 of the Complaint and, therefore, denies them.

272.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 272 of the Complaint and, therefore, denies them.

273.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 273 of the Complaint and, therefore, denies them.

274.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 274 of the Complaint and, therefore, denies them.

275.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 275 of the Complaint and, therefore, denies them.

276.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 276 of the Complaint and, therefore, denies them.

277.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 277 of the Complaint and, therefore, denies them.

278.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 278 of the Complaint and, therefore, denies them.

279.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 279 of the Complaint and, therefore, denies them.

280.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 280 of the Complaint and, therefore, denies them.

281.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 281 of the Complaint and, therefore, denies them.

282.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 282 of the Complaint and, therefore, denies them.

283.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 283 of the Complaint and, therefore, denies them.

284.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 284 of the Complaint and, therefore, denies them.

285.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 285 of the Complaint and, therefore, denies them.

286.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 286 of the Complaint and, therefore, denies them.

287.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 287 of the Complaint and, therefore, denies them.

288.    Defendant incorporates her responses to Paragraphs 1-287 of the Complaint as if fully set forth herein.

289.    Defendant denies the allegations in Paragraph 289 of the Complaint.

290.    As to Paragraph 290 of the Complaint, to the extent any allegation is directed toward Defendant, those allegations are denied in their entirety.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 290 of the Complaint and, therefore, denies them.

291.   Defendant denies the allegations in Paragraph 291 of the Complaint.

292.   Defendant denies the allegations in Paragraph 292 of the Complaint.

293.   Defendant incorporates her responses to Paragraphs 1-292 of the Complaint as if fully set forth herein.

294.   As to Paragraph 294 of the Complaint, Defendant avers that 42 U.S.C. § 1983 speaks for itself.  The remaining allegations in Paragraph 294 constitute legal conclusions for which no response is required.

295.   The allegations contained in Paragraph 295 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

296.   The allegations contained in Paragraph 296 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

297.   The allegations contained in Paragraph 297 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

298.   Defendant denies the allegations contained in Paragraph 298 of the Complaint.

299.   The allegations contained in Paragraph 299 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

300.   Defendant denies the allegations contained in Paragraph 300 in the manner and form alleged.

301.   Defendant denies the allegations contained in Paragraph 301 of the Complaint.

302.    Defendant denies the allegations contained in Paragraph 302 of the Complaint.

303.    Defendant denies the allegations contained in Paragraph 303 of the Complaint.

304.    Defendant denies the allegations contained in Paragraph 304 of the Complaint.

305.    Defendant denies the allegations contained in Paragraph 305 of the Complaint.

306.    Defendant denies the allegations contained in Paragraph 306 of the Complaint.

307.    Defendant denies the allegations contained in Paragraph 307 of the Complaint.

308.    Defendant denies the allegations contained in Paragraph 308 of the Complaint.

309.    Defendant denies the allegations contained in Paragraph 309 of the Complaint.

310.    Defendant denies the allegations contained in Paragraph 310 of the Complaint.

311.    Defendant denies the allegations contained in Paragraph 311 of the Complaint.

312.    The allegations contained in Paragraph 312 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegation is denied.

313.    Defendant denies the allegations contained in Paragraph 313 of the Complaint.

314.    Defendant incorporates her responses to Paragraphs 1-313 of the Complaint as if fully set forth herein.

315.    As to Paragraph 315 of the Complaint, Defendant avers that 42 U.S.C. § 1983 speaks for itself.  The remaining allegations in Paragraph 315 constitute legal conclusions for which no response is required.

316.    The allegations contained in Paragraph 316 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

33

317.   The allegations contained in Paragraph 317 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

318.   The allegations contained in Paragraph 318 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

319.   Defendant denies the allegations contained in Paragraph 319 in the manner and form alleged.

320.   Defendant denies the allegations in Paragraph 320 of the Complaint.

321.   Defendant denies the allegations in Paragraph 321 of the Complaint.

322.   Defendant denies the allegations in Paragraph 322 of the Complaint.

323.   Defendant denies the allegations in Paragraph 323 of the Complaint.

324.   Defendant denies the allegations in Paragraph 324 of the Complaint.

325.   Defendant denies the allegations in Paragraph 325 of the Complaint.

326.   Defendant denies the allegations in Paragraph 326 of the Complaint.

327.   Defendant denies the allegations in Paragraph 327 of the Complaint.

328.   Defendant denies the allegations in Paragraph 328 of the Complaint.

329.   Defendant incorporates her responses to Paragraphs 1-328 of the Complaint as if fully set forth herein.

330.   The allegations contained in Paragraph 330 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegation in denied.

331.     As to Paragraph 331 of the Complaint, Defendant avers that 42 U.S.C. § 1983 speaks for itself.  The remaining allegations in Paragraph 331 constitute legal conclusions for which no response is required.

332.     The allegations contained in Paragraph 332 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegation in denied.

333.     The allegations contained in Paragraph 333 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegation in denied.

334.     Defendant denies the allegations in Paragraph 334 of the Complaint.

335.     Defendant denies the allegations in Paragraph 335 of the Complaint.

336.     Defendant denies the allegations in Paragraph 335 of the Complaint.

337.     The allegations contained in Paragraph 337 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegation in denied.

338.     Defendant denies the allegations in Paragraph 338 of the Complaint.

339.     Defendant denies the allegations in Paragraph 339 of the Complaint.

340.     Defendant denies the allegations in Paragraph 340 of the Complaint.

341.     Defendant denies the allegations in Paragraph 341 of the Complaint.

342.     Defendant denies the allegations in Paragraph 342 of the Complaint.

343.     Defendant denies the allegations in Paragraph 343 of the Complaint.

344.     Defendant incorporates her responses to Paragraphs 1-344 of the Complaint as if fully set forth herein.

345.     The allegations contained in Paragraph 345 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegation in denied.

346.    As to Paragraph 346 of the Complaint, Defendant avers that 42 U.S.C. § 1983 speaks for itself.  The remaining allegations in Paragraph 346 constitute legal conclusions for which no response is required.

347.    The allegations contained in Paragraph 347 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegation in denied.

348.    The allegations contained in Paragraph 348 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegation in denied.

349.    Defendant denies the allegations in Paragraph 349 of the Complaint.

350.    Defendant denies the allegations in Paragraph 350 of the Complaint.

351.    Defendant denies the allegations in Paragraph 351 of the Complaint.

352.    Defendant denies the allegations in Paragraph 352 of the Complaint.

353.    Defendant lack sufficient information to admit or deny the allegations in Paragraph 353 of the Complaint and, therefore, denies them.

354.    Defendant denies the allegations in Paragraph 354 of the Complaint.

355.    Defendant denies the allegations in Paragraph 355 of the Complaint.

356.    Defendant denies the allegations in Paragraph 356 of the Complaint.

357.    Defendant denies the allegations in Paragraph 357 of the Complaint.

358.    Defendant denies the allegations in Paragraph 358 of the Complaint.

359.    Defendant incorporates her responses to Paragraphs 1-358 of the Complaint as if fully set forth herein.

360.    The allegations in Paragraph 360 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 360 advances any allegations regarding Defendant, those allegations are denied in their entirety.

361.    The allegations in Paragraph 361 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 361 advances any allegations regarding Defendant, those allegations are denied in their entirety.

362.    The allegations in Paragraph 362 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 362 advances any allegations regarding Defendant, those allegations are denied in their entirety.

363.    The allegations in Paragraph 363 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 363 advances any allegations regarding Defendant, those allegations are denied in their entirety.

364.    The allegations in Paragraph 364 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 364 advances any allegations regarding Defendant, those allegations are denied in their entirety.

365.    The allegations in Paragraph 365 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 365 advances any allegations regarding Defendant, those allegations are denied in their entirety.

366.    The allegations in Paragraph 366 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 366 advances any allegations regarding Defendant, those allegations are denied in their entirety.

367.    The allegations in Paragraph 367 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 367 advances any allegations regarding Defendant, those allegations are denied in their entirety.

368.     The allegations in Paragraph 368 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 368 advances any allegations regarding Defendant, those allegations are denied in their entirety.

369.     The allegations in Paragraph 369 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 369 advances any allegations regarding Defendant, those allegations are denied in their entirety.

370.     The allegations in Paragraph 370 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 370 advances any allegations regarding Defendant, those allegations are denied in their entirety.

371.     The allegations in Paragraph 371 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 371 advances any allegations regarding Defendant, those allegations are denied in their entirety.

372.     The allegations in Paragraph 372 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 372 advances any allegations regarding Defendant, those allegations are denied in their entirety.

373.     The allegations in Paragraph 373 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 373 advances any allegations regarding Defendant, those allegations are denied in their entirety.

374.     The allegations in Paragraph 374 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 374 advances any allegations regarding Defendant, those allegations are denied in their entirety.

375.    The allegations in Paragraph 375 appear directed to a defendant other than Defendant and, accordingly, no response is required.  To the extent Paragraph 375 advances any allegations regarding Defendant, those allegations are denied in their entirety.

376.    Defendant incorporates her responses to Paragraphs 1-376 of the Complaint as if fully set forth herein.

377.    Defendant denies the allegations in Paragraph 377 of the Complaint.

378.    Defendant denies the allegations in Paragraph 378 of the Complaint.

379.    Defendant denies the allegations in Paragraph 379 of the Complaint.

380.    Defendant denies the allegations in Paragraph 380 of the Complaint.

381.    Defendant denies the allegations in Paragraph 381 of the Complaint.

382.    Defendant denies the allegations in Paragraph 382 of the Complaint.

383.    Defendant denies the allegations in Paragraph 383 of the Complaint.

384.    Defendant denies the allegations in Paragraph 384 of the Complaint.

385.    Defendant denies the allegations in Paragraph 385 of the Complaint.

The paragraph entitled "Prayer for Relief" (including subparagraphs (1) through (8)) contains no factual allegations requiring a response.  To the extent a response is required, those allegations are denied, and Defendant denies Plaintiffs are entitled to the relief requested or any other relief for any reason. Defendant denies each and every allegation in the Complaint not specifically admitted herein.  Moreover, any allegation deemed to be irrelevant in light of this Court's Orders is denied.

As to the Paragraph entitled "Jury Demand," Defendant joins in Plaintiffs' demand for a trial by jury.

## DEFENSES

1.      Defendant denies that she is indebted to Plaintiffs in any amount, for the reasons stated or for any other reason.

2.      Defendant denies any wrongdoing, and further denies that Plaintiffs suffered a Constitutional violation or compensable injury caused by her.

3.      The Complaint does not state a claim upon which relief can be granted.

4.      Plaintiffs were lawfully arrested based on probable cause.

5.      An independent magistrate made an independent finding of probable cause that led to Plaintiffs' arrest.

6.      Intervening actors were responsible for Plaintiffs' incarceration.

7.      Plaintiff Minium was not subjected to excessive force as alleged in the Complaint or in any other fashion.

8.      Plaintiff Minium's cell phone was lawfully seized and searched pursuant to a search warrant issued upon a finding of probable cause by a neutral magistrate.

9.      Defendant avers that any and all actions taken by her were performed pursuant to legal obligations that required and/or permitted her to act as a police officer and to carry out her duties.   All actions taken were reasonable, necessary, justified and/or excusable under the circumstances.

10.     Defendant avers that all actions taken were in good faith and based on legitimate reasons and not solely or in part, based on retaliatory, illegal, or unconstitutional motives or consideration.

11.     Defendant avers her conduct, at all times referenced in the Complaint, was in good faith and reasonable under the circumstances, and that this good faith, reasonable conduct is a defense to Plaintiffs' claims.

12.     Defendant's actions were not willful or wanton such that Plaintiff is not entitled to punitive damages.

13.     Defendant avers that she is entitled to qualified immunity and that she will rely on the doctrine of qualified immunity as a complete bar to Plaintiffs' claims.

14.     Defendant avers that Plaintiffs' action is barred by their own illegal conduct.

15.     Defendant will rely upon any and all other defenses lawfully available to it developed through discovery, or otherwise, at the time of trial, and Defendant reserves the right to amend its Answer is necessary.

16.     Defendant avers that she is not individually responsible for the conduct of any other person or officer and that Plaintiffs' claims are improperly joined and must be separated pursuant to Federal Rule of Civil Procedure 21.

17.     No Plaintiff was deterred from or otherwise unable to exercise his or her First Amendment rights as a result of any action taken by Defendant.

18.     Defendant avers that she acted lawfully and with legal justification at all times referenced in Plaintiff's Complaint.

Defendant further DEMANDS TRIAL BY JURY of these matters.

WHEREFORE, having fully responded to the Complaint filed against him, Defendant prays that this action be dismissed with prejudice.

**BRENDA RUIZ, IN HER INDIVIDUAL CAPACITY**

By Counsel

/s/
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Blaire H. O'Brien (VSB No. 83961)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com

# C E R T I F I C A T E

I hereby certify that on the 8th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Terry C. Frank, Esq.
Terry Frank Law
108 E. Grace Street
Richmond, VA 23219
804-477-4955 - Phone
804-906-2455 - Fax
terry@terryfranklaw.com

Steven D. Brown, Esq. (VSB No. 42511)
Whitney E. Nelson, (VSB No. 95911)
Lindsey A. Strachan, (VSB No. 84506)
IslerDare PC
411 East Franklin Street, Suite 203
Richmond, VA 23219
804-489-5500 - Phone
804-234-8234 - Fax
sbrown@islerdare.com
wnelson@islerdare.com
lstrachan@islerdare.com

42

Mark C. Nanavati, Esq. (VSB No. 38709)
Sinnott Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, VA 23114
804-378-7600 x3316 - Phone
804-378-2610 - Fax
mnanavati@snllaw.com

Wirt P. Marks, IV, Esq.
City of Richmond
900 East Broad Street
Suite 400
Richmond, VA 23219
804-646-3019 - Phone
804-646-6653 - Fax
Wirt.Marks@Richmondgov.com

/s/ _____
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Blaire H. O'Brien (VSB No. 83961)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com