IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES H. SCHMIDT, *et al.*,

    Plaintiffs,

v.                                  Case No. 3:22-cv-404

CITY OF RICHMOND, *et al.*,
    Defendants.

## **ANSWER**

Defendant Ben Malone, by counsel, denies that he is liable to Plaintiffs and further states as follows for his Answer to the Amended Complaint and Request for Declaratory and Injunctive Relief (ECF No. 139):

As to the unnumbered paragraph immediately above the section titled "Introduction," to the extent this section advances any factual allegations, those allegations are denied in their entirety.

## **Introduction**

1.    Defendant denies the allegations contained in Paragraph 1 of the Amended Complaint.

2.    The allegations in Paragraph 2 of the Amended Complaint appear directed to Defendants other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 2 advances any allegations regarding Defendant, those allegations are denied in their entirety.

3.    The allegations in Paragraph 3 of the Amended Complaint appear directed to Defendants other than Defendant and, accordingly, no response is required.  To the extent

Paragraph 3 advances any allegations regarding Defendant, those allegations are denied in their entirety.

4.      As to Paragraph 4 of the Amended Complaint, Defendant lacks sufficient information to admit or deny any identifying information about any of Plaintiffs.  The remaining allegations in Paragraph 4 appear directed to Defendants other than Defendant and, accordingly, no response is required.   To the extent Paragraph 4 advances any allegations regarding Defendant, those allegations are denied in their entirety.  Defendant avers that Defendant took no action that violated any Plaintiff's constitutional rights and is not liable to any Plaintiff for any reason.

5.      As to Paragraph 5 of the Amended Complaint, Defendant lacks sufficient information to admit or deny any identifying information about any of Plaintiffs.  The remaining allegations in Paragraph 5 appear directed to Defendants other than Defendant and, accordingly, no response is required.   To the extent Paragraph 5 advances any allegations regarding Defendant, those allegations are denied in their entirety.  Defendant avers that he took no action that violated any Plaintiff's constitutional rights and is not liable to any Plaintiff for any reason.

6.      As to Paragraph 6 of the Amended Complaint, Defendant admits that civil unrest occurred in the City of Richmond in 2020.  Defendant lack sufficient information to admit or deny the remaining allegations in Paragraph 6 and, therefore, denies them in the manner and form alleged.

7.      As to Paragraph 7 of the Amended Complaint, Defendant admits that civil unrest occurred in the City of Richmond in 2020 and that this civil unrest received media attention.  The remaining allegations in Paragraph 7 appear directed to a Defendants other than Defendant or

constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 7 advances any allegations regarding Defendant, those allegations are denied in their entirety.

8.      As to Paragraph 8 of the Amended Complaint, Defendant denies that members of the news media were expressly exempt from unlawful assembly declarations.  The remaining allegations in Paragraph 8 appear directed to Defendants other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 8 advances any allegations regarding Defendant, those allegations are denied in their entirety.

9.      The allegations in Paragraph 9 of the Amended Complaint appear directed to Defendants other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 9 advances any allegations regarding Defendant, those allegations are denied in their entirety.

10.     Defendant denies the allegations in Paragraph 10 of the Amended Complaint.

11.     The allegations in Paragraph 11 of the Amended Complaint appear directed to Defendants other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 11 advances any allegations regarding Defendant, those allegations are denied in their entirety.

12.     The allegations in Paragraph 12 of the Amended Complaint appear directed to Defendants other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 12 advances any allegations regarding Defendant, those allegations are denied in their entirety.

13.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Amended Complaint and, therefore, denies them.

14.     Defendant deny the allegations in Paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Paragraph 17 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 17 does allege facts requiring a response, those facts are denied.  Defendant further denies that Defendant is liable to Plaintiff for any reason.

## Jurisdiction and Venue

18.     Paragraph 18 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 18 does allege facts requiring a response, those facts are denied.  Defendant further denies that Defendant is liable to Plaintiff for any reason.

19.     Paragraph 19 of the Amended Complaint states legal conclusions and therefore does not require an answer.  To the extent an answer is required, Defendant avers that Defendant does not contest jurisdiction; however, Defendant denies that Defendant is liable to Plaintiff for any reason.

20.     As to Paragraph 20 of the Amended Complaint, Defendant admits that venue is proper in this Court.

## Parties

21.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

22.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

23.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

24.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

25.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

26.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

27.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

28.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

29.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 29 of the Amended Complaint and, therefore, denies them in the manner and form alleged.

30.     Paragraph 30 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 30 does contain factual allegations, those

allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

31.    Paragraph 31 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 31 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendants, those allegations are denied.

32.    Paragraph 32 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 32 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

33.    Paragraph 33 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 33 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

34.    Paragraph 34 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 34 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

35.    Paragraph 35 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 35 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

36.     Paragraph 36 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 36 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.   To the extent any factual allegations are directed to Defendant, those allegations are denied.

37.     Paragraph 37 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 37 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.   To the extent any factual allegations are directed to Defendant, those allegations are denied.

38.     Paragraph 38 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 38 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.   To the extent any factual allegations are directed to Defendant, those allegations are denied.

39.     Paragraph 39 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 39 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.   To the extent any factual allegations are directed to Defendant, those allegations are denied.

40.     Paragraph 40 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 40 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.   To the extent any factual allegations are directed to Defendant, those allegations are denied.

41.     Paragraph 41 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 41 does contain factual allegations, those

allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

42.     Paragraph 42 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 42 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

43.     Paragraph 43 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 43 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

44.     Paragraph 44 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 44 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

45.     Paragraph 45 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 45 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

46.     Paragraph 46 of the Amended Complaint presents legal conclusions for which no response is required.  To the extent Paragraph 46 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.  To the extent any factual allegations are directed to Defendant, those allegations are denied.

47.     Paragraph 47 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 47 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.   To the extent any factual allegations are directed to Defendant, those allegations are denied.

48.     Paragraph 48 of the Amended Complaint presents legal conclusions for which no response is required.   To the extent Paragraph 48 does contain factual allegations, those allegations are directed to other defendants and, accordingly, do not require a response.   To the extent any factual allegations are directed to Defendant, those allegations are denied.

49.     As to Paragraph 49 of the Amended Complaint, Defendant admits that Lieutenant Lloyd is a sworn officer of the Richmond Police Department.   The remaining allegations in Paragraph 49 constitute legal conclusions for which no response is required.

50.     As to Paragraph 50 of the Amended Complaint, Defendant admits that Sergeant Bridges is a sworn officer of the Richmond Police Department.   The remaining allegations in Paragraph 50 constitute legal conclusions for which no response is required.

51.     As to Paragraph 51 of the Amended Complaint, Defendant admits that Officer Torres is a sworn officer of the Richmond Police Department.   The remaining allegations in Paragraph 51 constitute legal conclusions for which no response is required.

52.     As to Paragraph 52 of the Amended Complaint, Defendant admits that Defendant Ruiz is a former sworn officer of the Richmond Police Department.   The remaining allegations in Paragraph 52 constitute legal conclusions for which no response is required.

53.     As to Paragraph 53 of the Amended Complaint, Defendant admits that Officer Frazer is a sworn officer of the Richmond Police Department.   The remaining allegations in Paragraph 53 constitute legal conclusions for which no response is required.

54.     As to Paragraph 34 of the Amended Complaint, Defendant admits that Defendant Dixon is a former sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 54 constitute legal conclusions for which no response is required.

55.     As to Paragraph 55 of the Amended Complaint, Defendant admits that Officer Campbell is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 55 constitute legal conclusions for which no response is required.

56.     As to Paragraph 56 of the Amended Complaint, Defendant admits that Officer Thorpe is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 56 constitute legal conclusions for which no response is required.

57.     As to Paragraph 57 of the Amended Complaint, Defendant admits that Defendant Digirolamo is a former sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 57 constitute legal conclusions for which no response is required.

58.     As to Paragraph 58 of the Amended Complaint, Defendant admits that Defendant Beazley is a former sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 58 constitute legal conclusions for which no response is required.

59.     As to Paragraph 59 of the Amended Complaint, Defendant admits that Captain Gleason is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 59 constitute legal conclusions for which no response is required.

60.     As to Paragraph 60 of the Amended Complaint, Defendant admits that Defendant Leone is a former sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 60 constitute legal conclusions for which no response is required.

61.     As to Paragraph 61 of the Amended Complaint, Defendant admits that Officer Peppel is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 61 constitute legal conclusions for which no response is required.

62.     As to Paragraph 62 of the Amended Complaint, Defendant admits that Sgt. Harris is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 62 constitute legal conclusions for which no response is required.

63.     As to Paragraph 63 of the Amended Complaint, Defendant admits that Officer Malone is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 63 constitute legal conclusions for which no response is required.

64.     As to Paragraph 64 of the Amended Complaint, Defendant denies that Defendant Craig is a current sworn officer of the Richmond Police Department.  Defendant avers that Defendant Craig is no longer employed with the Richmond Police Department.  The remaining allegations in Paragraph 64 constitute legal conclusions for which no response is required.

65.     As to Paragraph 65 of the Amended Complaint, Defendant admits that Officer Mills is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 65 constitute legal conclusions for which no response is required.

66.     As to Paragraph 66 of the Amended Complaint, Defendant admits that Officer Dario Buraliev is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 66 constitute legal conclusions for which no response is required.

67.     As to Paragraph 67 of the Amended Complaint, Defendant admits that Defendant O'Rourke is a former sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 67 constitute legal conclusions for which no response is required.

68.     As to Paragraph 68 of the Amended Complaint, Defendant admits that Officer

Colombo is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 68 constitute legal conclusions for which no response is required.

69.   As to Paragraph 69 of the Amended Complaint, Defendant admits that Defendant Bondy is a former sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 69 constitute legal conclusions for which no response is required.

70.   As to Paragraph 70 of the Amended Complaint, Defendant admits that Officer Kuti is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 70 constitute legal conclusions for which no response is required.

71.   As to Paragraph 71 of the Amended Complaint, Defendant admits that Officer Rawlings is a sworn officer of the Richmond Police Department.  The remaining allegations in Paragraph 71 constitute legal conclusions for which no response is required.

72.   The allegations in Paragraph 72 appear directed to defendants other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 72 advances any allegations regarding Defendant, those allegations are denied in their entirety.  Defendant further denies that Defendant is liable to any Plaintiff for any reason.

73.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 73 of the Amended Complaint concerning Plaintiffs' knowledge of the identities of Officer Does 1-50 and, therefore, denies them and demands strict proof thereof.  Answering further, Paragraph 73, including subparts a (i-xx) and b, appears directed to defendants other than Defendant or constitute legal conclusions and, accordingly, no response is required.  To the extent Paragraph 73, including subparts a (i-xx) and b, advances any allegations regarding Defendant, those allegations are denied in their entirety.  Defendant further denies that Defendant is liable to any Plaintiff for any reason.

12

74.     The allegations in Paragraph 74 appear directed to defendants other than Defendant or constitute legal conclusions and, accordingly, no response is required.   To the extent Paragraph 74 advances any allegations regarding Defendant, those allegations are denied in their entirety.   Defendant further denies that he is liable to any Plaintiff for any reason.

### Facts

### (Former) Virginia Public Media News Reporter Roberto Roldan
### May 31, 2020

75.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 75 of the Amended Complaint and, therefore, denies them.

76.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 76 of the Amended Complaint and, therefore, denies them.

77.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 77 of the Amended Complaint and, therefore, denies them.

78.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 78 of the Amended Complaint and, therefore, denies them.

79.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 79 of the Amended Complaint and, therefore, denies them.

80.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 80 of the Amended Complaint and, therefore, denies them.

81.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 81 of the Amended Complaint and, therefore, denies them.

82.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 82 of the Amended Complaint and, therefore, denies them.

83.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 83 of the Amended Complaint and, therefore, denies them.

84.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 84 of the Amended Complaint and, therefore, denies them.

85.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 85 of the Amended Complaint and, therefore, denies them.

86.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 86 of the Amended Complaint and, therefore, denies them.

87.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 87 of the Amended Complaint and, therefore, denies them.

88.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 88 of the Amended Complaint and, therefore, denies them.

89.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 89 of the Amended Complaint and, therefore, denies them.

90.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 90 of the Amended Complaint and, therefore, denies them.

91.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 91 of the Amended Complaint and, therefore, denies them.

92.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 92 of the Amended Complaint and, therefore, denies them.

93.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 93 of the Amended Complaint and, therefore, denies them.

94.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 94 of the Amended Complaint and, therefore, denies them.

95.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 95 of the Amended Complaint and, therefore, denies them.

96.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 96 of the Amended Complaint and, therefore, denies them.

97.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 97 of the Amended Complaint and, therefore, denies them.

98.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 98 of the Amended Complaint and, therefore, denies them.

99.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 99 of the Amended Complaint and, therefore, denies them.

100.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 100 of the Amended Complaint and, therefore, denies them.

101.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 101 of the Amended Complaint and, therefore, denies them.

102.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 102 of the Amended Complaint and, therefore, denies them.

103.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 103 of the Amended Complaint and, therefore, denies them.

104.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 104 of the Amended Complaint and, therefore, denies them.

105.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 105 of the Amended Complaint and, therefore, denies them.

106.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 106 of the Amended Complaint and, therefore, denies them.

107.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 107 of the Amended Complaint and, therefore, denies them.

108.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 108 of the Amended Complaint and, therefore, denies them.

109.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 109 of the Amended Complaint and, therefore, denies them.

110.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 110 of the Amended Complaint and, therefore, denies them.

111.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 111 of the Amended Complaint and, therefore, denies them.

112.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 112 of the Amended Complaint and, therefore, denies them.

113.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 113 of the Amended Complaint and, therefore, denies them.

114.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 114 of the Amended Complaint and, therefore, denies them.

115.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 115 of the Amended Complaint and, therefore, denies them.

*Charles Schmidt's Unlawful Arrest*
*June 26, 2020*

116.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 116 of the Amended Complaint and, therefore, denies them.

117.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 117 of the Amended Complaint and, therefore, denies them.

118.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 118 of the Amended Complaint and, therefore, denies them.

119.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 119 of the Amended Complaint and, therefore, denies them.

120.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 120 of the Amended Complaint and, therefore, denies them.

121.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 121 of the Amended Complaint and, therefore, denies them.

122.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 122 of the Amended Complaint and, therefore, denies them.

123.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 123 of the Amended Complaint and, therefore, denies them.

124.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 124 of the Amended Complaint and, therefore, denies them.  Defendant specifically denies that Defendant ever deployed tear gas or any other less lethal munitions on "peaceful" protestors.

125.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 125 of the Amended Complaint and, therefore, denies them.  Defendant specifically

denies that Defendant ever deployed tear gas or any other less lethal munitions on "peaceful" protestors.

126.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 126 of the Amended Complaint and, therefore, denies them.

127.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 127 of the Amended Complaint and, therefore, denies them.

128.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 128 of the Amended Complaint and, therefore, denies them.

129.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 129 of the Amended Complaint and, therefore, denies them.

130.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 130 of the Amended Complaint and, therefore, denies them.

131.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 131 of the Amended Complaint and, therefore, denies them.

132.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 132 of the Amended Complaint and, therefore, denies them.

133.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 133 of the Amended Complaint and, therefore, denies them.

134.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 134 of the Amended Complaint and, therefore, denies them.

135.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 135 of the Amended Complaint and, therefore, denies them.

136.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 136 of the Amended Complaint and, therefore, denies them.

137.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 137 of the Amended Complaint and, therefore, denies them.

138.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 138 of the Amended Complaint and, therefore, denies them.

139.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 139 of the Amended Complaint and, therefore, denies them.

140.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 140 of the Amended Complaint and, therefore, denies them.

141.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 141 of the Amended Complaint and, therefore, denies them.

142.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 142 of the Amended Complaint and, therefore, denies them.

143.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 143 of the Amended Complaint and, therefore, denies them.

144.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 144 of the Amended Complaint and, therefore, denies them.

145.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 145 of the Amended Complaint and, therefore, denies them.

146.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 146 of the Amended Complaint and, therefore, denies them.

147.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 147 of the Amended Complaint and, therefore, denies them.

148.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 148 of the Amended Complaint and, therefore, denies them.

149.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Amended Complaint and, therefore, denies them.

150.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 150 of the Amended Complaint and, therefore, denies them.

151.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 151 of the Amended Complaint and, therefore, denies them.

152.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 126 of the Amended Complaint and, therefore, denies them.

153.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 153 of the Amended Complaint and, therefore, denies them.

154.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 154 of the Amended Complaint and, therefore, denies them.

155.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 155 of the Amended Complaint and, therefore, denies them.

156.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 156 of the Amended Complaint and, therefore, denies them.

157.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 157 of the Amended Complaint and, therefore, denies them.

158.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 158 of the Amended Complaint and, therefore, denies them.

159.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 159 of the Amended Complaint and, therefore, denies them.

160.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 160 of the Amended Complaint and, therefore, denies them.

161.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 161 of the Amended Complaint and, therefore, denies them.

162.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 162 of the Amended Complaint and, therefore, denies them.

163.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 163 of the Amended Complaint and, therefore, denies them.

164.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 164 of the Amended Complaint and, therefore, denies them.

165.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 165 of the Amended Complaint and, therefore, denies them.

166.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 166 of the Amended Complaint and, therefore, denies them.

167.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 167 of the Amended Complaint and, therefore, denies them.

168.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 168 of the Amended Complaint and, therefore, denies them.

169.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 169 of the Amended Complaint and, therefore, denies them.

**(Former) Commonwealth Times Executive Editor and Reporter Andrew Ringle**
*June 21, 2020*

170.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 170 of the Amended Complaint and, therefore, denies them.

171.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 171 of the Amended Complaint and, therefore, denies them.

172.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 172 of the Amended Complaint and, therefore, denies them.

173.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 173 of the Amended Complaint and, therefore, denies them.

174.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 174 of the Amended Complaint and, therefore, denies them.

175.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 175 of the Amended Complaint and, therefore, denies them.

176.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 176 of the Amended Complaint and, therefore, denies them.

177.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 177 of the Amended Complaint and, therefore, denies them.

*July 26, 2020*

178.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 178 of the Amended Complaint and, therefore, denies them.

179.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 179 of the Amended Complaint and, therefore, denies them.

180.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 180 of the Amended Complaint and, therefore, denies them.

181.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 181 of the Amended Complaint and, therefore, denies them.

182.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 182 of the Amended Complaint and, therefore, denies them.

183.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 183 of the Amended Complaint and, therefore, denies them.

184.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 184 of the Amended Complaint and, therefore, denies them.

185.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 185 of the Amended Complaint and, therefore, denies them.

186.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 186 of the Amended Complaint and, therefore, denies them.

187.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 187 of the Amended Complaint and, therefore, denies them.

188.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 188 of the Amended Complaint and, therefore, denies them.

189.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 189 of the Amended Complaint and, therefore, denies them.

190.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 190 of the Amended Complaint and, therefore, denies them.

191.    Paragraph 191 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 191 and, therefore, denies them.

192.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 192 of the Amended Complaint and, therefore, denies them.

193.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 193 of the Amended Complaint and, therefore, denies them.

194.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 194 of the Amended Complaint and, therefore, denies them.

**(Former) Commonwealth Times News Editor and Reporter Eduardo Acevedo**
*July 25, 2020*

195.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 195 of the Amended Complaint and, therefore, denies them.

196.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 196 of the Amended Complaint and, therefore, denies them.

197.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 197 of the Amended Complaint and, therefore, denies them.

198.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 198 of the Amended Complaint and, therefore, denies them.

199.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 199 of the Amended Complaint and, therefore, denies them.

200.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 200 of the Amended Complaint and, therefore, denies them.

201.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 201 of the Amended Complaint and, therefore, denies them.

202.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 202 of the Amended Complaint and, therefore, denies them.

203.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 203 of the Amended Complaint and, therefore, denies them.

204.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 204 of the Amended Complaint and, therefore, denies them.

205.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 205 of the Amended Complaint and, therefore, denies them.

206.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 206 of the Amended Complaint and, therefore, denies them.

207.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 207 of the Amended Complaint and, therefore, denies them.

208.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 208 of the Amended Complaint and, therefore, denies them.

209.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 209 of the Amended Complaint and, therefore, denies them.

210.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 210 of the Amended Complaint and, therefore, denies them.

211.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 211 of the Amended Complaint and, therefore, denies them.

212.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 212 of the Amended Complaint and, therefore, denies them.

213.    Paragraph 213 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 213 and, therefore, denies them.

214.    Paragraph 214 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 214 and, therefore, denies them.

215.    Paragraph 215 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 215 and, therefore, denies them.

216.    Paragraph 216 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 216 and, therefore, denies them.

217.    Paragraph 217 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 217 and, therefore, denies them.

218.    Paragraph 218 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 218 and, therefore, denies them.

219.     Paragraph 219 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 219 and, therefore, denies them.

220.     Paragraph 220 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 220 and, therefore, denies them.

221.     Paragraph 221 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 221 and, therefore, denies them.

### Kristopher Goad's Unlawful Arrests: July 26, 2020 and September 28, 2020
### *July 26, 2020*

222.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 222 of the Amended Complaint and, therefore, denies them.

223.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 223 of the Amended Complaint and, therefore, denies them.

224.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 224 of the Amended Complaint and, therefore, denies them.

225.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 225 of the Amended Complaint and, therefore, denies them.

226.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 226 of the Amended Complaint and, therefore, denies them.

227.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 227 of the Amended Complaint and, therefore, denies them.

228.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 228 of the Amended Complaint and, therefore, denies them.

229.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 229 of the Amended Complaint and, therefore, denies them.

230.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 230 of the Amended Complaint and, therefore, denies them.

231.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 231 of the Amended Complaint and, therefore, denies them.

232.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 232 of the Amended Complaint and, therefore, denies them.

233.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 233 of the Amended Complaint and, therefore, denies them.

234.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 234 of the Amended Complaint and, therefore, denies them.

235.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 235 of the Amended Complaint and, therefore, denies them.

236.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 236 of the Amended Complaint and, therefore, denies them.

237.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 237 of the Amended Complaint and, therefore, denies them.

238.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 238 of the Amended Complaint and, therefore, denies them.

239.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 239 of the Amended Complaint and, therefore, denies them.

### *September 28, 2020 Arrest*

240.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 240 of the Complaint and, therefore, denies them.

241.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 241 of the Amended Complaint and, therefore, denies them.

242.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 242 of the Complaint and, therefore, denies them.

243.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 243 of the Complaint and, therefore, denies them.

244.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 244 of the Complaint and, therefore, denies them.

245.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 245 of the Complaint and, therefore, denies them.

246.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 246 of the Amended Complaint and, therefore, denies them.

247.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 247 of the Complaint and, therefore, denies them.

248.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 248 of the Complaint and, therefore, denies them.

249.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 249 of the Complaint and, therefore, denies them.

250.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 250 of the Complaint and, therefore, denies them.

251.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 251 of the Complaint and, therefore, denies them.

252.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 252 of the Complaint and, therefore, denies them.

253.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 253 of the Complaint and, therefore, denies them.

254.    The allegations in Paragraph 254 of the Amended Complaint are not directed to Defendant and merely state legal conclusions and, therefore, no response is required.  To the extent a response is required, any factual allegations are denied.

255.    The allegations in Paragraph 255 of the Amended Complaint are not directed to Defendant and merely state legal conclusions and, therefore, no response is required.  To the extent a response is required, any factual allegations are denied.

256.    The allegations in Paragraph 256 of the Amended Complaint are not directed to Defendant and merely state legal conclusions and, therefore, no response is required.  To the extent a response is required, any factual allegations are denied.

257.    The allegations in Paragraph 257 of the Amended Complaint are not directed to Defendant and merely state legal conclusions and, therefore, no response is required.  To the extent a response is required, any factual allegations are denied.

258.    The allegations in Paragraph 258 of the Amended Complaint are not directed to Defendant and merely state legal conclusions and, therefore, no response is required.  To the extent a response is required, any factual allegations are denied.

259.    The allegations in Paragraph 259 of the Amended Complaint are not directed to Defendant and merely state legal conclusions and, therefore, no response is required.  To the extent a response is required, any factual allegations are denied.

260.    The allegations in Paragraph 260 of the Amended Complaint are not directed to Defendant and merely state legal conclusions and, therefore, no response is required.  To the extent a response is required, any factual allegations are denied.

261.    The allegations in Paragraph 261 of the Amended Complaint are not directed to Defendant and merely state legal conclusions and, therefore, no response is required.  To the extent a response is required, any factual allegations are denied.

**Jimmie Lee Jarvis Unlawful Harassment by Richmond Police Department:**
**May – Nov. 2020**

262.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 262 of the Amended Complaint and, therefore, denies them.

263.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 263 of the Amended Complaint and, therefore, denies them.

*May 31, 2020 – June 1, 2020*

264.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 264 of the Amended Complaint and, therefore, denies them.

265.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 265 of the Amended Complaint and, therefore, denies them.

266.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 266 of the Amended Complaint and, therefore, denies them.

267.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 267 of the Amended Complaint and, therefore, denies them.

268. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 268 of the Amended Complaint and, therefore, denies them.

269. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 269 of the Amended Complaint and, therefore, denies them.

### *June 14-15, 2020*

270. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 270 of the Amended Complaint and, therefore, denies them.

271. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 271 of the Amended Complaint and, therefore, denies them.

272. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 272 of the Amended Complaint and, therefore, denies them.

273. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 273 of the Amended Complaint and, therefore, denies them.

274. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 274 of the Amended Complaint and, therefore, denies them.

275. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 275 of the Amended Complaint and, therefore, denies them.

276. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 276 of the Amended Complaint and, therefore, denies them.

277. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 277 of the Amended Complaint and, therefore, denies them.

278. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 278 of the Amended Complaint and, therefore, denies them.

279.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 279 of the Amended Complaint and, therefore, denies them.

280.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 280 of the Amended Complaint and, therefore, denies them.

281.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 281 of the Amended Complaint and, therefore, denies them.

*June 15, 2020*

282.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 282 of the Amended Complaint and, therefore, denies them.

283.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 283 of the Amended Complaint and, therefore, denies them.

284.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 284 of the Amended Complaint and, therefore, denies them.

285.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 285 of the Amended Complaint and, therefore, denies them.

286.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 286 of the Amended Complaint and, therefore, denies them.

287.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 287 of the Amended Complaint and, therefore, denies them.

288.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 288 of the Amended Complaint and, therefore, denies them.

289.     Defendant admits the allegations contained in Paragraph 289 of the Amended Complaint.

*June 21, 2020*

290.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 290 of the Amended Complaint and, therefore, denies them.

291.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 291 of the Amended Complaint and, therefore, denies them.

292.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 292 of the Amended Complaint and, therefore, denies them.

293.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 293 of the Amended Complaint and, therefore, denies them.

294.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 294 of the Amended Complaint and, therefore, denies them.

295.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 295 of the Amended Complaint and, therefore, denies them.

*July 25, 2020*

296.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 296 of the Amended Complaint and, therefore, denies them.

297.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 297 of the Amended Complaint and, therefore, denies them.

298.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 298 of the Amended Complaint and, therefore, denies them.

299.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 299 of the Amended Complaint and, therefore, denies them.

300.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 300 of the Amended Complaint and, therefore, denies them.

301.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 301 of the Amended Complaint and, therefore, denies them.

302.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 302 of the Amended Complaint and, therefore, denies them.

### *August 16, 2020*

303.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 303 of the Amended Complaint and, therefore, denies them.

304.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 304 of the Amended Complaint and, therefore, denies them.

305.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 305 of the Amended Complaint and, therefore, denies them.

306.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 306 of the Amended Complaint and, therefore, denies them.

307.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 307 of the Amended Complaint and, therefore, denies them.

### *August 18, 2020*

308.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 308 of the Amended Complaint and, therefore, denies them.

309.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 309 of the Amended Complaint and, therefore, denies them.

310.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 310 of the Amended Complaint and, therefore, denies them.

311.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 311 of the Amended Complaint and, therefore, denies them.

312.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 312 of the Amended Complaint and, therefore, denies them.

313.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 313 of the Amended Complaint and, therefore, denies them.

314.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 314 of the Amended Complaint and, therefore, denies them.

### *August 20, 2020*

315.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 315 of the Amended Complaint and, therefore, denies them.

316.    As to the allegations in Paragraph 316 of the Amended Complaint, Defendant admits that he was at the GWARBar on the evening of August 20, 2020.  Defendant lacks sufficient information to admit or deny the precise time he arrived and the identities of other specific officers who were present.  Defendant denies the remaining allegations in paragraph 316.

317.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 317 of the Amended Complaint and, therefore, denies them.

318.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 318 of the Amended Complaint and, therefore, denies them.

319.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 319 of the Amended Complaint and, therefore, denies them.

320.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 320 of the Amended Complaint and, therefore, denies them.

321.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 321 of the Amended Complaint and, therefore, denies them.

322.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 322 of the Amended Complaint and, therefore, denies them.

323.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 323 of the Amended Complaint and, therefore, denies them.

324.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 324 of the Amended Complaint and, therefore, denies them.

325.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 325 of the Amended Complaint and, therefore, denies them.

326.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 326 of the Amended Complaint and, therefore, denies them.

327.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 327 of the Amended Complaint and, therefore, denies them.

328.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 328 of the Amended Complaint and, therefore, denies them.

329.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 329 of the Amended Complaint and, therefore, denies them.

330.   Defendant denies the allegations in Paragraph 330 of the Amended Complaint in the manner and form alleged.

331.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 331 of the Amended Complaint and, therefore, denies them.

332.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 332 of the Amended Complaint and, therefore, denies them.

333.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 333 of the Amended Complaint and, therefore, denies them.

334.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 334 of the Amended Complaint and, therefore, denies them.

335.   Defendant denies the allegations in Paragraph 335 of the Amended Complaint.

336.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 336 of the Amended Complaint and, therefore, deny them.

337.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 337 of the Amended Complaint and, therefore, denies them.

338.   As to the allegations in Paragraph 338 of the Amended Complaint, Defendant admits that he did not respond or otherwise take any action when Jarvis placed a camera directly in his face and demanded his name.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 338 and, therefore, denies them.

339.   Defendant admits that Captain Gleason was a supervising officer on August 20, 2020.  Defendant denies the remaining allegations in Paragraph 339 of the Amended Complaint.

340.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 340 of the Amended Complaint and, therefore, denies them.

341.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 341 of the Amended Complaint and, therefore, denies them.

342.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 342 of the Amended Complaint and, therefore, denies them.

*September 25, 2020*

343.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 343 of the Amended Complaint and, therefore, denies them.

344.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 344 of the Amended Complaint and, therefore, denies them.

345.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 345 of the Amended Complaint and, therefore, denies them.

346.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 346 of the Amended Complaint and, therefore, denies them.

347.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 347 of the Amended Complaint and, therefore, denies them.

*October 17, 2020*

348.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 348 of the Amended Complaint and, therefore, denies them.

349.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 349 of the Amended Complaint and, therefore, denies them.

350.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 350 of the Amended Complaint and, therefore, denies them.

351.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 351 of the Amended Complaint and, therefore, denies them.

352.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 352 of the Amended Complaint and, therefore, denies them.

### October 27, 2020

353.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 353 of the Amended Complaint and, therefore, denies them.

354.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 354 of the Amended Complaint and, therefore, denies them.

355.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 355 of the Amended Complaint and, therefore, denies them.

356.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 356 of the Amended Complaint and, therefore, denies them.

357.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 357 of the Amended Complaint and, therefore, denies them.

358.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 358 of the Amended Complaint and, therefore, denies them.

359.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 359 of the Amended Complaint and, therefore, denies them.

### November 7, 2020

360.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 360 of the Amended Complaint and, therefore, denies them.

361.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 361 of the Amended Complaint and, therefore, denies them.

362.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 362 of the Amended Complaint and, therefore, denies them.

363.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 363 of the Amended Complaint and, therefore, denies them.

*November 12, 2020*

364.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 364 of the Amended Complaint and, therefore, denies them.

365.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 365 of the Amended Complaint and, therefore, denies them.

366.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 366 of the Amended Complaint and, therefore, denies them.

367.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 367 of the Amended Complaint and, therefore, denies them.

368.    Paragraph 368 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 368 and, therefore, denies them.

369.    Paragraph 369 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 369, including subparagraph f., as they pertain to him.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 369 of the Amended Complaint and, therefore, denies them.

370.     Paragraph 370 of the Amended Complaint merely states legal conclusions for which no answer is required.   To the extent an answer is required, Defendant denies the allegations in Paragraph 370 as they pertain to him.   Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 370 of the Complaint and, therefore, denies them.

371.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 371 of the Amended Complaint and, therefore, denies them.

372.     Paragraph 372 of the Amended Complaint merely states legal conclusions for which no answer is required.   To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 372 and, therefore, denies them.

373.     Paragraph 373 of the Amended Complaint merely states legal conclusions for which no answer is required.   To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 373 and, therefore, denies them.

374.     Paragraph 374 of the Amended Complaint merely states legal conclusions for which no answer is required.   To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 374 and, therefore, denies them.

375.     Paragraph 375 of the Amended Complaint merely states legal conclusions for which no answer is required.   To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 375 and, therefore, denies them.

376.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 376 of the Amended Complaint and, therefore, denies them.

377.     Defendant denies the allegations in Paragraph 377 of the Amended Complaint.

378.     Paragraph 378 of the Amended Complaint merely states legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 378 and, therefore, denies them.

### *Alice Minium's Unlawful Arrest: August 21, 2020*

379.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 379 of the Amended Complaint and, therefore, denies them.

380.     As to the allegations in Paragraph 380 of the Amended Complaint, Defendant admits that Captain Gleason was a supervising officer at the GWARBar.

381.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 381 of the Amended Complaint and, therefore, denies them.

382.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 382 of the Amended Complaint and, therefore, denies them.

383.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 383 of the Amended Complaint and, therefore, denies them.

384.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 384 of the Amended Complaint and, therefore, denies them.

385.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 385 of the Amended Complaint and, therefore, denies them.

386.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 386 of the Amended Complaint and, therefore, denies them.

387.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 387 of the Amended Complaint and, therefore, denies them.

388.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 388 of the Amended Complaint and, therefore, denies them.

389.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 389 of the Amended Complaint and, therefore, denies them.

390.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 390 of the Amended Complaint and, therefore, denies them.

391.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 391 of the Amended Complaint and, therefore, denies them.

392.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 392 of the Amended Complaint and, therefore, denies them.

393.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 393 of the Amended Complaint and, therefore, denies them.

394.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 394 of the Amended Complaint and, therefore, denies them.

395.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 395 of the Amended Complaint and, therefore, denies them.

396.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 396 of the Amended Complaint and, therefore, denies them.

397.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 397 of the Amended Complaint and, therefore, denies them.

398.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 398 of the Amended Complaint and, therefore, denies them.

399.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 399 of the Amended Complaint and, therefore, denies them.

400.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 400 of the Amended Complaint and, therefore, denies them.

401.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 401 of the Amended Complaint and, therefore, denies them.

402.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 402 of the Amended Complaint and, therefore, denies them.

403.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 403 of the Amended Complaint and, therefore, denies them.

404.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 404 of the Amended Complaint and, therefore, denies them.

405.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 405 of the Amended Complaint and, therefore, denies them.

406.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 406 of the Amended Complaint and, therefore, denies them.

**Vanna Goodenow's Unlawful Arrest: October 27, 2020**

407.    Defendant incorporates the responses to Paragraphs 1-406 of the Amended Complaint as if fully set forth herein.

408.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 408 of the Amended Complaint and, therefore, denies them.

409.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 409 of the Amended Complaint and, therefore, denies them.

410.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 410 of the Amended Complaint and, therefore, denies them.

411.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 411 of the Amended Complaint and, therefore, denies them.

412.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 412 of the Amended Complaint and, therefore, denies them.

413.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 413 of the Amended Complaint and, therefore, denies them.

414.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 414 of the Amended Complaint and, therefore, denies them.

415.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 415 of the Amended Complaint and, therefore, denies them.

416.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 416 of the Amended Complaint and, therefore, denies them.

417.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 417 of the Amended Complaint and, therefore, denies them.

418.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 418 of the Amended Complaint and, therefore, denies them.

419.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 419 of the Amended Complaint and, therefore, denies them.

420.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 420 of the Amended Complaint and, therefore, denies them.

421.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 421 of the Amended Complaint and, therefore, denies them.  .

422.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 422 of the Amended Complaint and, therefore, denies them.

423.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 423 of the Amended Complaint and, therefore, denies them.

424.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 424 of the Amended Complaint and, therefore, denies them.

425.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 425 of the Amended Complaint and, therefore, denies them.

426.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 426 of the Amended Complaint and, therefore, denies them.  .

427.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 427 of the Amended Complaint and, therefore, denies them.  .

428.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 428 of the Amended Complaint and, therefore, denies them.

429.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 429 of the Amended Complaint and, therefore, denies them.

430.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 430 of the Amended Complaint and, therefore, denies them.

431.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 431 of the Amended Complaint and, therefore, denies them.

432.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 432 of the Amended Complaint and, therefore, denies them.

### *Éilís Weller's Unlawful Arrest: June 16, 2021*

433.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 433 of the Amended Complaint and, therefore, denies them.

434.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 434 of the Amended Complaint and, therefore, denies them.

435.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 435 of the Amended Complaint and, therefore, denies them.

436.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 436 of the Amended Complaint and, therefore, denies them.

437.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 437 of the Amended Complaint and, therefore, denies them.

438.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 438 of the Amended Complaint and, therefore, denies them.

439.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 439 of the Amended Complaint and, therefore, denies them.

440.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 440 of the Amended Complaint and, therefore, denies them.

441.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 441 of the Amended Complaint and, therefore, denies them.

442.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 442 of the Amended Complaint and, therefore, denies them.

443.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 443 of the Amended Complaint and, therefore, denies them.

444.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 444 of the Amended Complaint and, therefore, denies them.

445.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 445 of the Amended Complaint and, therefore, denies them.

446.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 446 of the Amended Complaint and, therefore, denies them.

447.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 447 of the Amended Complaint and, therefore, denies them.

448.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 448 of the Amended Complaint and, therefore, denies them.

449.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 449 of the Amended Complaint and, therefore, denies them.

450.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 450 of the Amended Complaint and, therefore, denies them.

451.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 451 of the Amended Complaint and, therefore, denies them.

452.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 452 of the Amended Complaint and, therefore, denies them.

**INJURY TO PLAINTIFFS**

453.    Defendant incorporates the responses to Paragraphs 1-452 of the Amended Complaint as if fully set forth herein.

454.    Defendant denies the allegations in Paragraph 454 of the Amended Complaint.

455.    As to Paragraph 455 of the Amended Complaint, to the extent any allegation is directed toward Defendant, those allegations are denied in their entirety.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 455 and, therefore, denies them.

456.    Defendant denies the allegations in Paragraph 456 of the Amended Complaint.

457.    Defendant denies the allegations in Paragraph 457 of the Amended Complaint.

**CLAIMS FOR RELIEF**

**Applicable to all Claims:**

458.    As to Paragraph 458 of the Amended Complaint, Defendant avers that 42 U.S.C. § 1983 speaks for itself.  The remaining allegations in Paragraph 458 constitute legal conclusions for which no response is required.

**COUNT I**
**42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION**
**CITY OF RICHMOND**
**Seeking Declaratory and Injunctive Relief and Compensatory Damages**

459.    Defendant incorporates the responses to Paragraphs 1-459 of the Amended Complaint as if fully set forth herein.

460.    Defendant avers that the allegations in Paragraph 460 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

461.    Defendant avers that the allegations in Paragraph 461 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

462.    Defendant avers that the allegations in Paragraph 462 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

463.    Defendant avers that the allegations in Paragraph 463 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

464.    Defendant avers that the allegations in Paragraph 464 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

465.    Defendant avers that the allegations in Paragraph 465 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

466.    Defendant avers that the allegations in Paragraph 466 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

467.    Defendant avers that the allegations in Paragraph 467 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

468.    Defendant avers that the allegations in Paragraph 468 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

469.    Defendant avers that the allegations in Paragraph 469 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

470.    Defendant avers that the allegations in Paragraph 470 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

471.    Defendant avers that the allegations in Paragraph 471 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

472.    Defendant avers that the allegations in Paragraph 472 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

473.    Defendant avers that the allegations in Paragraph 473 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

474.    Defendant avers that the allegations in Paragraph 474 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

475.   Defendant avers that the allegations in Paragraph 475 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

476.   Defendant avers that the allegations in Paragraph 476 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

477.   Defendant avers that the allegations in Paragraph 477 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

478.   Defendant avers that the allegations in Paragraph 478 of the Amended Complaint are not directed to the Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 478 of the Amended Complaint and, therefore, denies them.

479.   Defendant avers that the allegations in Paragraph 479 of the Amended Complaint are not directed to the Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 478 of the Amended Complaint and, therefore, denies them.

480.   Defendant avers that the allegations in Paragraph 480 of the Amended Complaint are not directed to the Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 478 of the Amended Complaint and, therefore, denies them.

481.   Defendant avers that the allegations in Paragraph 481 of the Amended Complaint are not directed to the Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 478 of the Amended Complaint and, therefore, denies them.

482.    Defendant avers that the allegations in Paragraph 482 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

483.    Defendant avers that the allegations in Paragraph 483 of the Amended Complaint (including subparts a. through n.) are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

484.    Defendant avers that the allegations in Paragraph 484 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

485.    Defendant avers that the allegations in Paragraph 485 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

486.    Defendant avers that the allegations in Paragraph 486 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

487.    Defendant avers that the allegations in Paragraph 487 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

488.    Defendant denies the allegations in Paragraph 488 of the Amended Complaint.

489.    Defendant denies the allegations in Paragraph 489 of the Amended Complaint.

490.    Defendant denies the allegations in Paragraph 490 of the Amended Complaint.

491.    Defendant denies the allegations in Paragraph 491 of the Amended Complaint.

<u>**COUNT II**</u>
**42 U.S.C. §1983 – EXCESSIVE USE OF FORCE**
**IN VIOLATION OF THE FOURTH AMENDMENT**
**CITY OF RICHMOND**
**Seeking Declaratory and Injunctive Relief and Compensatory Damages**

492.    Defendant incorporates the responses to Paragraphs 1-491 of the Amended Complaint as if fully set forth herein.

493.    As to Paragraph 493 of the Amended Complaint, Defendant avers that the Fourth Amendment speaks for itself and denies all allegations inconsistent therewith.

494.    As to Paragraph 494 of the Amended Complaint, Defendant avers that the Fourth Amendment speaks for itself and denies all allegations inconsistent therewith.  The remaining allegations in Paragraph 494 constitute legal conclusions for which no response is required.

495.    As to Paragraph 495 of the Amended Complaint, Defendant avers that the Fourth Amendment speaks for itself and denies all allegations inconsistent therewith.  The remaining allegations in Paragraph 495 constitute legal conclusions for which no response is required.

496.    Defendant avers that the allegations in Paragraph 496 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

497.    Defendant avers that the allegations in Paragraph 497 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

498.    Defendant avers that the allegations in Paragraph 498 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

499.    Defendant avers that the allegations in Paragraph 499 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

500.    Defendant avers that the allegations in Paragraph 500 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

501.    Defendant avers that the allegations in Paragraph 501 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

502.    Defendant avers that the allegations in Paragraph 502 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

503.    Defendant avers that the allegations in Paragraph 503 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

504.    Defendant avers that the allegations in Paragraph 504 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

505.     Defendant avers that the allegations in Paragraph 505 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

506.     Defendant avers that the allegations in Paragraph 506 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

507.     Defendant avers that the allegations in Paragraph 507 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, deny them.

508.     Defendant avers that the allegations in Paragraph 508 of the Amended Complaint (including subparts a. through h.) are not directed to Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

509.     Defendant avers that the allegations in Paragraph 509 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

510.     Defendant avers that the allegations in Paragraph 510 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

511.     Defendant avers that the allegations in Paragraph 511 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

512.     Defendant denies the allegations in Paragraph 512 of the Amended Complaint.

513.   Defendant denies the allegations in Paragraph 513 of the Amended Complaint.

514.   Defendant denies the allegations in Paragraph 514 of the Amended Complaint.

**COUNT III**
**42 U.S.C. §1983 – UNLAWFUL SEARCH AND SEIZURE**
**IN VIOLATION OF THE FOURTH AMENDMENT**
**CITY OF RICHMOND**
**Seeking Declaratory and Injunctive Relief and Compensatory Damages**

515.   Defendant incorporates the responses to Paragraphs 1-514 of the Amended Complaint as if fully set forth herein.

516.   As to Paragraph 516 of the Amended Complaint, Defendant avers that the Fourth Amendment speaks for itself and denies all allegations inconsistent therewith.

517.   As to Paragraph 517 of the Amended Complaint, Defendant avers that the Fourth Amendment speaks for itself and denies all allegations inconsistent therewith.

518.   Defendant avers that the allegations in Paragraph 518 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

519.   Defendant avers that the allegations in Paragraph 519 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

520.   Defendant avers that the allegations in Paragraph 520 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

521.   Defendant avers that the allegations in Paragraph 521 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

522.    Defendant avers that the allegations in Paragraph 522 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

523.    Defendant avers that the allegations in Paragraph 523 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

524.    Defendant avers that the allegations in Paragraph 524 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

525.    Defendant avers that the allegations in Paragraph 525 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

526.    Defendant avers that the allegations in Paragraph 526 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

527.    Defendant avers that the allegations in Paragraph 527 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

528.    Defendant avers that the allegations in Paragraph 528 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

529.    Defendant avers that the allegations in Paragraph 529 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

530.    Defendant avers that the allegations in Paragraph 530 of the Amended Complaint (including subparts a. through h.) are not directed to Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

531.    Defendant avers that the allegations in Paragraph 531 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

532.    Defendant avers that the allegations in Paragraph 532 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

533.    Defendant avers that the allegations in Paragraph 533 of the Amended Complaint are not directed to the Defendant and constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

534.    Defendant denies the allegations in Paragraph 534 of the Amended Complaint.

535.    Defendant denies the allegations in Paragraph 535 of the Amended Complaint.

536.    Defendant denies the allegations in Paragraph 536 of the Amended Complaint.

537.    Defendant denies the allegations in Paragraph 537 of the Amended Complaint.

**COUNT IV**
**42 U.S.C. §1983 – FIRST AMENDMENT RETALIATION**
**SUPERVISOR LIABILITY**
**DEFENDANTS W. SMITH, BLACKWELL, G. SMITH,**
**BRIDGES, GLEASON and SUPERVISOR DOES 1-20**
**Seeking Declaratory and Injunctive Relief, Compensatory and Punitive Damages**

538.     Defendant incorporates the responses to Paragraphs 1-537 of the Amended Complaint as if fully set forth herein.

539.     As to Paragraph 539 of the Amended Complaint, Defendant avers that the First Amendment speaks for itself and denies all allegations inconsistent therewith.

540.     Defendant avers that the allegations in Paragraph 540 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

541.     Defendant avers that the allegations in Paragraph 541 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

542.     Defendant avers that the allegations in Paragraph 542 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

543.     The allegations in Paragraph 543 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

544.     The allegations in Paragraph 544 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

545.   The allegations in Paragraph 555 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

546.   The allegations in Paragraph 546 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is required, the allegations are denied.

547.   Defendant avers that the allegations in Paragraph 547 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Former Chief William Smith*

548.   Defendant admits the allegations in Paragraph 548 of the Amended Complaint.

549.   Defendant avers that the allegations in Paragraph 549 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

550.   Defendant avers that the allegations in Paragraph 550 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

551.   Defendant avers that the allegations in Paragraph 551 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

552.    Defendant avers that the allegations in Paragraph 552 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

553.    Defendant avers that the allegations in Paragraph 553 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

554.    Defendant admits the allegations in Paragraph 554 of the Amended Complaint.

555.    Defendant denies the allegations contained in Paragraph 555 of the Amended Complaint in the manner and form alleged.

556.    Defendant avers that the allegations in Paragraph 556 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 556 of the Amended Complaint and, therefore, denies them.

557.    Defendant avers that the allegations in Paragraph 557 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

558.    Defendant avers that the allegations in Paragraph 558 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

559.    Defendant avers that the allegations in Paragraph 559 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

560.    Defendant avers that the allegations in Paragraph 560 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

561.    Defendant avers that the allegations in Paragraph 561 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

562.    Defendant admits the allegations in Paragraph 562 of the Amended Complaint.

*Former Interim Chief William Blackwell*

563.    Defendant admits the allegations in Paragraph 563 of the Amended Complaint.

564.    Defendant avers that the allegations in Paragraph 564 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

565.    Defendant avers that the allegations in Paragraph 565 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

566.    Defendant avers that the allegations in Paragraph 566 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

567.    Defendant avers that the allegations in Paragraph 567 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

568.    Defendant avers that the allegations in Paragraph 568 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

569.    Defendant avers that the allegations in Paragraph 569 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

570.    Defendant avers that the allegations in Paragraph 570 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Chief Gerald Smith*

571.    Defendant admits the allegations in Paragraph 571 of the Amended Complaint.

572.    Defendant avers that the allegations in Paragraph 572 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

573.    Defendant avers that the allegations in Paragraph 573 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

574.    Defendant avers that the allegations in Paragraph 574 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

575.    Defendant avers that the allegations in Paragraph 575 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny those allegations and, therefore, denies them.

576.    Defendant avers that the allegations in Paragraph 576 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

577.    Defendant avers that the allegations in Paragraph 577 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*(Former) Richmond Police Officer Lt. Bridges[1]*

578.    Defendant avers that the allegations in Paragraph 578 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

---

[1] Defendant avers that the Complaint incorrectly identifies current Richmond Police Department Sergeant Jon Bridges as "former Lt. Jon Bridges."

579.     Defendant avers that the allegations in Paragraph 579 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

580.     Defendant avers that the allegations in Paragraph 580 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

581.     Defendant avers that the allegations in Paragraph 581 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

582.     Defendant avers that the allegations in Paragraph 582 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

583.     Defendant avers that the allegations in Paragraph 583 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

584.     Defendant avers that the allegations in Paragraph 584 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

585.     Defendant avers that the allegations in Paragraph 585 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Captain Gleason*

586.    Defendant avers that the allegations in Paragraph 586 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 586 of the Amended Complaint and, therefore, denies them.

587.    Defendant avers that the allegations in Paragraph 587 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 587 of the Amended Complaint and, therefore, denies them.

588.    Defendant avers that the allegations in Paragraph 588 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 588 of the Amended Complaint and, therefore, denies them.

589.    Defendant avers that the allegations in Paragraph 589 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 589 of the Amended Complaint and, therefore, denies them.

590.    Defendant avers that the allegations in Paragraph 590 of the Amended Complaint are not directed to the Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 590 of the Amended Complaint and, therefore, denies them.

591.    Defendant avers that the allegations in Paragraph 591 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny the allegations in Paragraph 591 of the Amended Complaint and, therefore, denies them.

592.    Defendant avers that the allegations in Paragraph 592 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 592 of the Amended Complaint and, therefore, denies them.

593.    Defendant avers that the allegations in Paragraph 593 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 593 of the Amended Complaint and, therefore, denies them.

*Supervisor Does 1-5*

594.    Defendant denies the allegations contained in Paragraph 594 of the Amended Complaint.

595.    Defendant avers that the allegations in Paragraph 595 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

596.    Defendant avers that the allegations in Paragraph 596 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

597.    Defendant avers that the allegations in Paragraph 597 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

598.    Defendant avers that the allegations in Paragraph 598 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

599.    Defendant avers that the allegations in Paragraph 599 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Applicable to all Supervisors*

600.    Defendant denies the allegations in Paragraph 600 of the Amended Complaint.

601.    Defendant denies the allegations in Paragraph 601 of the Amended Complaint.

602.    Defendant denies the allegations in Paragraph 602 of the Amended Complaint.

603.    Defendant denies the allegations in Paragraph 603 of the Amended Complaint.

604.    Defendant denies the allegations in Paragraph 604 of the Amended Complaint.

605.    Defendant denies the allegations in Paragraph 605 of the Amended Complaint.

606.    Defendant denies the allegations in Paragraph 606 of the Amended Complaint.

**COUNT V**
**42 U.S.C. §1983 – FOURTH AMENDMENT – EXCESSIVE FORCE**
**SUPERVISOR LIABILITY**
**DEFENDANTS W. SMITH, BLACKWELL, G. SMITH,**
**BRIDGES, GLEASON and SUPERVISOR DOES 1-20**
**Seeking Declaratory and Injunctive Relief, Compensatory and Punitive Damages**

607.    Defendant incorporates the responses to Paragraphs 1-606 of the Amended Complaint as if fully set forth herein.

608.   Defendant avers that the allegations in Paragraph 608 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

609.   Defendant avers that the allegations in Paragraph 609 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

610.   Defendant avers that the allegations in Paragraph 610 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

611.   Defendant avers that the allegations in Paragraph 611 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

612.   Defendant avers that the allegations in Paragraph 612 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

613.   Defendant avers that the allegations in Paragraph 613 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Former Chief William Smith*

614.   Defendant admits the allegations in Paragraph 614 of the Amended Complaint.

615.   Defendants aver that the allegations in Paragraph 615 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

616.    Defendants aver that the allegations in Paragraph 616 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

617.    Defendants aver that the allegations in Paragraph 617 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

618.    Defendants aver that the allegations in Paragraph 618 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

619.    Defendants aver that the allegations in Paragraph 619 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

620.    Defendant admits the allegations in Paragraph 620 of the Amended Complaint.

621.    Defendant denies the allegations in Paragraph 621 of the Amended Complaint in the manner and form alleged.

622.    Defendants aver that the allegations in Paragraph 622 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

623.    Defendants aver that the allegations in Paragraph 623 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

624.    Defendants aver that the allegations in Paragraph 624 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

625.    Defendant avers that the allegations in Paragraph 625 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

626.    Defendants aver that the allegations in Paragraph 626 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

627.    Defendant avers that the allegations in Paragraph 627 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

628.    Defendant admits the allegations in Paragraph 628 of the Amended Complaint.

*Former Interim Chief William Blackwell*

629.    Defendant admits the allegations in Paragraph 629 of the Amended Complaint.

630.    Defendants aver that the allegations in Paragraph 630 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

631.    Defendants aver that the allegations in Paragraph 631 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

632.    Defendant avers that the allegations in Paragraph 632 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

633.    Defendant avers that the allegations in Paragraph 633 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

634.    Defendants aver that the allegations in Paragraph 634 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

635.    Defendant avers that the allegations in Paragraph 635 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

636.    Defendant avers that the allegations in Paragraph 636 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Chief Gerald Smith*

637.    Defendant admits the allegations in Paragraph 637 of the Amended Complaint.

638.    Defendants aver that the allegations in Paragraph 638 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

639.    Defendants aver that the allegations in Paragraph 639 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

640.    Defendants aver that the allegations in Paragraph 640 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

641.    Defendants aver that the allegations in Paragraph 641 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

642.     Defendant avers that the allegations in Paragraph 642 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

643.     Defendant avers that the allegations in Paragraph 643 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*(Former) Richmond Police Officer Lt. Bridges*

644.     Defendant avers that the allegations in Paragraph 644 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

645.     Defendant avers that the allegations in Paragraph 645 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

646.     Defendant avers that the allegations in Paragraph 646 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

647.     Defendant avers that the allegations in Paragraph 647 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

648.     Defendant avers that the allegations in Paragraph 648 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

649.     Defendant avers that the allegations in Paragraph 649 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

650.     Defendant avers that the allegations in Paragraph 650 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Captain Gleason*

651.     Defendant avers that the allegations in Paragraph 651 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

652.     Defendants aver that the allegations in Paragraph 652 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

653.     Defendants aver that the allegations in Paragraph 653 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

654.     Defendants aver that the allegations in Paragraph 654 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

655.    Defendants aver that the allegations in Paragraph 655 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

656.    Defendants aver that the allegations in Paragraph 656 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

657.    Defendant avers that the allegations in Paragraph 657 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

658.    Defendant avers that the allegations in Paragraph 658 of the Amended Complaint are not directed to Defendants and constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

*Supervisor Does 1-5*

659.    Defendant denies the allegations in Paragraph 659 of the Amended Complaint.

660.    Defendants aver that the allegations in Paragraph 660 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

661.    Defendant avers that the allegations in Paragraph 661 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant denies the allegations as they pertain to Defendant.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 661 of the Amended Complaint and, therefore, denies them.

662.    Defendants aver that the allegations in Paragraph 662 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

663.    Defendant avers that the allegations in Paragraph 663 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

664.    Defendant avers that the allegations in Paragraph 664 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Applicable to all Supervisors*

665.    Defendant denies the allegations in Paragraph 665 of the Amended Complaint.

666.    Defendant denies the allegations in Paragraph 666 of the Amended Complaint.

667.    Defendant denies the allegations in Paragraph 667 of the Amended Complaint.

668.    Defendant denies the allegations in Paragraph 668 of the Amended Complaint.

669.    Defendant denies the allegations in Paragraph 669 of the Amended Complaint.

670.    Defendant denies the allegations in Paragraph 670 of the Amended Complaint.

671.    Defendant denies the allegations in Paragraph 671 of the Amended Complaint.

<u>**COUNT VI**</u>
**42 U.S.C. §1983 – FOURTH AMENDMENT – UNLAWFUL SEIZURE**
**SUPERVISOR LIABILITY**
**DEFENDANTS W. SMITH, BLACKWELL, G. SMITH,**
**BRIDGES, GLEASON and SUPERVISOR DOES 1-20**
**Seeking Declaratory and Injunctive Relief, Compensatory and Punitive Damages**

672.   Defendant incorporates the responses to Paragraphs 1-671 of the Amended Complaint as if fully set forth herein.

673.   Defendant avers that the allegations in Paragraph 673 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

674.   Defendant avers that the allegations in Paragraph 674 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

675.   Defendant avers that the allegations in Paragraph 675 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

676.   As to Paragraph 676 of the Amended Complaint, Defendant avers that the Fourth Amendment speaks for itself and denies all allegations inconsistent therewith.

677.   Defendant avers that the allegations in Paragraph 677 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Former Chief William Smith*

678.   Defendant admits the allegations in Paragraph 678 of the Amended Complaint.

679.   Defendants aver that the allegations in Paragraph 679 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

680.    Defendants aver that the allegations in Paragraph 680 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

681.    Defendants aver that the allegations in Paragraph 681 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

682.    Defendants aver that the allegations in Paragraph 682 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

683.    Defendants aver that the allegations in Paragraph 683 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

684.    Defendant admits the allegations in Paragraph 684 of the Amended Complaint.

685.    Defendant denies the allegations in Paragraph 685 of the Amended Complaint in the manner and form alleged.

686.    Defendants aver that the allegations in Paragraph 686 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required,

Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

687.   Defendants aver that the allegations in Paragraph 687 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

688.   Defendants aver that the allegations in Paragraph 688 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

689.   Defendant avers that the allegations in Paragraph 689 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

690.   Defendants aver that the allegations in Paragraph 690 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

691.   Defendant avers that the allegations in Paragraph 691 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

692.   Defendant admits the allegations in Paragraph 692 of the Amended Complaint.

*Former Interim Chief William Blackwell*

693.   Defendant admits the allegations in Paragraph 693 of the Amended Complaint.

694.     Defendants aver that the allegations in Paragraph 694 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

695.     Defendants aver that the allegations in Paragraph 695 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

696.     Defendants aver that the allegations in Paragraph 696 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

697.     Defendant avers that the allegations in Paragraph 697 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

698.     Defendants aver that the allegations in Paragraph 698 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

699.     Defendant avers that the allegations in Paragraph 699 of the Amended Complaint are not directed to Defendants and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

700.    Defendant avers that the allegations in Paragraph 670 of the Amended Complaint are not directed to Defendants and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Chief Gerald Smith*

701.    Defendant admits the allegations in Paragraph 701 of the Amended Complaint.

702.    Defendants aver that the allegations in Paragraph 702 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

703.    Defendants aver that the allegations in Paragraph 703 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

704.    Defendants aver that the allegations in Paragraph 704 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

705.    Defendants aver that the allegations in Paragraph 705 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

706.    Defendant avers that the allegations in Paragraph 706 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

707.    Defendant avers that the allegations in Paragraph 707 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Captain Gleason*

708.    Defendants aver that the allegations in Paragraph 708 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

709.    Defendants aver that the allegations in Paragraph 709 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

710.    Defendants aver that the allegations in Paragraph 710 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

711.    Defendants aver that the allegations in Paragraph 711 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

712.    Defendants aver that the allegations in Paragraph 712 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

713.    Defendants aver that the allegations in Paragraph 713 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

714.    Defendant avers that the allegations in Paragraph 714 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

715.    Defendant avers that the allegations in Paragraph 715 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

*Supervisor Does 1-5*

716.    Defendant denies the allegations in Paragraph 716 of the Amended Complaint.

717.    Defendants aver that the allegations in Paragraph 717 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

718.    Defendants aver that the allegations in Paragraph 718 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

719.    Defendants aver that the allegations in Paragraph 719 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations and, therefore, denies them.

720.    Defendant avers that the allegations in Paragraph 720 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

721.    Defendant avers that the allegations in Paragraph 721 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Applicable to all Supervisors*

722.    Defendant denies the allegations in Paragraph 722 of the Amended Complaint.

723.    Defendant denies the allegations in Paragraph 723 of the Amended Complaint.

724.    Defendant denies the allegations in Paragraph 724 of the Amended Complaint.

725.    Defendant denies the allegations in Paragraph 725 of the Amended Complaint.

726.    Defendant denies the allegations in Paragraph 726 of the Amended Complaint.

727.    Defendant denies the allegations in Paragraph 727 of the Amended Complaint.

728.    Paragraph 728 of the Amended Complaint was left blank and does not contain any allegations requiring an answer.

## COUNT VII
### 42 U.S.C. §1983 – FIRST AMENDMENT RETALIATION
**INDIVIDUAL OFFICERS FRAZER, RAWLINGS, BRIDGES, TORRES, DIGIRALAMO, LLOYD, DIXON, BEAZLEY, GLEASON, LEONE, RUIZ, MALONE, PEPPEL, HARRIS, CRAIG, KEEGAN, MILLS, BURALIEV, O'ROARKE, COLOMBO, BONDY, KUTI, THORPE, CHAMPEBLL and OFFICER DOES 1-50**
**Seeking Declaratory and Injunctive Relief and Compensatory and Punitive Damages**

729.    Defendant incorporates the responses to Paragraphs 1-728 of the Amended Complaint as if fully set forth herein.

730.    The allegations contained in Paragraph 730 of the Amended Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

731.    The allegations contained in Paragraph 731 of the Amended Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

732.    The allegations contained in Paragraph 732 of the Amended Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

733.    The allegations contained in Paragraph 733 of the Amended Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

734.    Defendant denies the allegations in Paragraph 734 of the Amended Complaint.

735.    The allegations contained in Paragraph 735 of the Amended Complaint constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

736.     Defendant denies the allegations in Paragraph 736 in the manner and form alleged.

737.     Defendant denies the allegations in Paragraph 737 of the Amended Complaint.

*Roberto Roldan*

738.     Defendant avers that the allegations in Paragraph 738 of the Amended Complaint are not directed to Defendants and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

739.     Defendant avers that the allegations in Paragraph 739 of the Amended Complaint are not directed to Defendants and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

740.     Defendant avers that the allegations in Paragraph 740 of the Amended Complaint are not directed to Defendants and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

741.     Defendant avers that the allegations in Paragraph 741 of the Amended Complaint are not directed to Defendants and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Charles Schmidt (Frazer and Officer Does)*

742.     Defendant avers that the allegations in Paragraph 742 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

743.     Defendant avers that the allegations in Paragraph 743 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

744.    Defendant avers that the allegations in Paragraph 744 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

745.    Defendant avers that the allegations in Paragraph 745 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

746.    Defendant avers that the allegations in Paragraph 745 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Andrew Ringle (Rawlings, Officer Does)*

747.    Defendant avers that the allegations in Paragraph 747 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

748.    Defendant avers that the allegations in Paragraph 748 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

749.    Defendant avers that the allegations in Paragraph 749 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

750.    Defendant avers that the allegations in Paragraph 750 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

751.    Defendant avers that the allegations in Paragraph 751 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Kristopher Goad (Torres, Digiralamo, Lloyd, Office Does)*

752.    Defendant avers that the allegations in Paragraph 752 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 752 and, therefore denies them.

753.    Defendant avers that the allegations in Paragraph 753 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 753 and, therefore denies them.

754.    Defendant avers that the allegations in Paragraph 754 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 754 and, therefore denies them.

755.    Defendant avers that the allegations in Paragraph 755 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 755 and, therefore denies them.

756.    Defendant avers that the allegations in Paragraph 756 of the Amended Complaint constitute legal conclusions for which no answer is required.  To the extent an answer is

required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 756 and, therefore denies them.

757.    Defendant avers that the allegations in Paragraph 757 of the Amended Complaint constitute legal conclusions for which no answer is required.   To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 757 and, therefore denies them.

758.    Defendant avers that the allegations in Paragraph 758 of the Amended Complaint constitute legal conclusions for which no answer is required.   To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 758 and, therefore denies them.

*Eduardo Acevdeo (Officer Does)*

759.    Defendant avers that the allegations in Paragraph 759 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

760.    Defendant avers that the allegations in Paragraph 760 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

761.    Defendant avers that the allegations in Paragraph 761 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

762.    Defendant avers that the allegations in Paragraph 762 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Jimmie Lee Jarvis (Beazley, Gleason, Leone, Ruiz, Malone, Peppel, Harris, Frazer, Craig, Keegan, Mills, Dario, Buraliev, O'Roarke, Colombo, Bondy, Kuti, Ruiz, and Officer Does)*

763.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 763 of the Amended Complaint and, therefore, denies them.

764.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 764 of the Amended Complaint and, therefore, denies them.

765.    Defendant denies the allegations in Paragraph 765 of the Amended Complaint, including subparagraph f., as they pertain to him.   Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 765 and, therefore, denies them.

766.    Defendant denies the allegations in Paragraph 766 of the Amended Complaint.

767.    Defendant denies the allegations in Paragraph 767 of the Amended Complaint as they pertain to him.

*Alice Minimum (Ruiz, Bondy and Officer Does)*

768.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 768 of the Amended Complaint and, therefore, denies them.

769.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 769 of the Amended Complaint and, therefore, denies them.

770.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 770 of the Amended Complaint and, therefore, denies them.

771.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 771 of the Amended Complaint and, therefore, denies them.

772.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 772 of the Amended Complaint and, therefore, denies them.

*Vanna Goodenow (Thorpe, Officer Doe)*

773.    Defendant avers that the allegations in Paragraph 773 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

774.    Defendant avers that the allegations in Paragraph 774 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

775.    Defendant avers that the allegations in Paragraph 775 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Eilis Weller*

776.    Defendant avers that the allegations in Paragraph 776 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

777.    Defendant avers that the allegations in Paragraph 777 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

778.    Defendant avers that the allegations in Paragraph 778 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Applicable to All Defendants in Count VII*

779.    Defendant denies the allegations in Paragraph 779 of the Amended Complaint.

780.    Defendant denies the allegations in Paragraph 780 of the Amended Complaint.

781.   Defendant denies the allegations in Paragraph 781 of the Amended Complaint.

782.   Defendant denies the allegations in Paragraph 782 of the Amended Complaint.

783.   Defendant denies the allegations in Paragraph 783 of the Amended Complaint.

784.   Defendant denies the allegations in Paragraph 784 of the Amended Complaint.

785.   Defendant denies the allegations in Paragraph 785 of the Amended Complaint.

786.   Defendant denies the allegations in Paragraph 786 of the Amended Complaint.

**COUNT VIII**
**42 U.S.C. §1983 – FOURTH AMENDMENT VIOLATIONS**
**EXCESSIVE FORCE**
**INDIVIDUAL OFFICERS FRAZER, RAWLINGS, TORRES, DIGIRALAMO,**
**MALONE, RUIZ, BONDY AND HARRIS and OFFICER DOES 1-50**
**Seeking Declaratory and Injunctive Relief and Compensatory and**
**Punitive Damages**

787.   Defendant incorporates the responses to Paragraphs 1-786 of the Amended Complaint as if fully set forth herein.

788.   The allegations contained in Paragraph 788 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

789.   The allegations contained in Paragraph 789 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

790.   The allegations contained in Paragraph 790 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

791.   The allegations contained in Paragraph 791 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

792.   The allegations contained in Paragraph 792 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

793.     The allegations contained in Paragraph 793 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

794.     The allegations contained in Paragraph 794 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

795.     The allegations contained in Paragraph 795 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

796.     The allegations contained in Paragraph 796 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

*Roberto Roldan*

797.     Defendant avers that the allegations in Paragraph 797 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

798.     Defendant avers that the allegations in Paragraph 798 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

799.     Defendant avers that the allegations in Paragraph 799 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

800.     Defendant avers that the allegations in Paragraph 800 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Charles Schmidt (Frazer and Officer Does)*

801.    Defendant avers that the allegations in Paragraph 801 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

802.    Defendant avers that the allegations in Paragraph 802 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

803.    Defendant avers that the allegations in Paragraph 803 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

804.    Defendant avers that the allegations in Paragraph 804 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

805.    Defendant avers that the allegations in Paragraph 805 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Andrew Ringle (Rawlings, Officer Does)*

806.    Defendant avers that the allegations in Paragraph 806 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

807.    Defendant avers that the allegations in Paragraph 807 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

808.    Defendant avers that the allegations in Paragraph 808 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

### Kristopher Goad (Torres, Digiralamo, Lloyd, Office Does)

809.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 809 of the Amended Complaint and, therefore, denies them.

810.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 810 of the Amended Complaint and, therefore, denies them.

811.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 811 of the Amended Complaint and, therefore, denies them.

812.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 812 of the Amended Complaint and, therefore, denies them.

### Eduardo Acevdeo (Officer Does)

813.    Defendant avers that the allegations in Paragraph 813 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

814.    Defendant avers that the allegations in Paragraph 814 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

815.    Defendant avers that the allegations in Paragraph 815 of the Amended Complaint are not directed to Defendant and require no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 815 and, therefore, deny them in the manner and form alleged.

816.    Defendant avers that the allegations in Paragraph 816 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

817.    Defendant avers that the allegations in Paragraph 817 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Jimmie Lee Jarvis (Ruiz, Malone and Officer Does)*

818.    Defendant avers that the allegations in Paragraph 818 of the Amended Complaint constitute legal conclusions for which no answer is required.   To the extent an answer is required, the allegations are denied.

819.    Defendant avers that the allegations in Paragraph 819 of the Amended Complaint constitute legal conclusions for which no answer is required.   To the extent an answer is required, the allegations are denied.

820.    Defendant avers that the allegations in Paragraph 820 of the Amended Complaint constitute legal conclusions for which no answer is required.   To the extent an answer is required, the allegations are denied as they pertain to Defendant.   Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 820 of the Amended Complaint and, therefore, denies them.

821.    Defendant avers that the allegations in Paragraph 821 of the Amended Complaint constitute legal conclusions for which no answer is required.   To the extent an answer is required, the allegations are denied as they pertain to Defendant.   Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 821 of the Amended Complaint and, therefore, denies them.

*Alice Minimum (Ruiz, Bondy and Officer Does)*

822.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 822 of the Amended Complaint and, therefore, denies them.

823.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 823 of the Amended Complaint and, therefore, denies them.

824.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 824 of the Amended Complaint and, therefore, denies them.

825.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 825 of the Amended Complaint and, therefore, denies them.

*Applicable to All Defendants in Count VII*

826.    Defendant denies the allegations in Paragraph 826 of the Amended Complaint.

827.    Defendant denies the allegations in Paragraph 827 of the Amended Complaint.

828.    Defendant denies the allegations in Paragraph 828 of the Amended Complaint.

829.    Defendant denies the allegations in Paragraph 829 of the Amended Complaint.

830.    Defendant denies the allegations in Paragraph 830 of the Amended Complaint.

831.    Defendant denies the allegations in Paragraph 831 of the Amended Complaint.

832.    Defendant denies the allegations in Paragraph 832 of the Amended Complaint.

### COUNT IX
**42 U.S.C. §1983 – FOURTH AMENDMENT VIOLATIONS
UNLAWFUL SEARCH AND SEIZURE
INDIVIDUAL OFFICERS FRAZER, TORRES, DIGIRALAMO, LLOYD, RUIZ, BONDY
and OFFICER DOES 1-50
Seeking Declaratory and Injunctive Relief and Compensatory and
Punitive Damages**

833.    Defendant incorporates the responses to Paragraphs 1-832 of the Amended Complaint as if fully set forth herein.

834.    The allegations contained in Paragraph 834 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

835.    The allegations contained in Paragraph 835 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

836.    The allegations contained in Paragraph 836 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

837.    The allegations contained in Paragraph 837 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

838.    The allegations contained in Paragraph 838 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

839.    The allegations contained in Paragraph 839 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

840.    The allegations contained in Paragraph 840 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

841.    The allegations contained in Paragraph 841 constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

*Charles Schmidt (Frazer and Officer Does)*

842.    Defendant avers that the allegations in Paragraph 842 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

843.    Defendant avers that the allegations in Paragraph 843 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

844.     Defendant avers that the allegations in Paragraph 844 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

845.     Defendant avers that the allegations in Paragraph 845 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

846.     Defendant avers that the allegations in Paragraph 846 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

847.     Defendant avers that the allegations in Paragraph 847 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Andrew Ringle (Rawlings, Officer Does)*

848.     Defendant avers that the allegations in Paragraph 848 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

849.     Defendant avers that the allegations in Paragraph 849 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

850.     Defendant avers that the allegations in Paragraph 850 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

851.    Defendant avers that the allegations in Paragraph 851 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

852.    Defendant avers that the allegations in Paragraph 852 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Kristopher Goad (Torres, Digiralamo, Lloyd, Officer Does)*

853.    Defendant avers that the allegations in Paragraph 853 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

854.    Defendant avers that the allegations in Paragraph 854 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

855.    Defendant avers that the allegations in Paragraph 855 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

856.    Defendant avers that the allegations in Paragraph 856 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

857.    Defendant avers that the allegations in Paragraph 857 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

858.     Defendant avers that the allegations in Paragraph 858 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

859.     Defendant avers that the allegations in Paragraph 859 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

860.     Defendant avers that the allegations in Paragraph 860 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

861.     Defendant avers that the allegations in Paragraph 861 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

862.     Defendant avers that the allegations in Paragraph 862 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

863.     Defendant avers that the allegations in Paragraph 863 of the Amended Complaint are not directed to Defendant and constitute legal conclusions for which no answer is required. To the extent an answer is required, the allegations are denied.

*Eduardo Acevedo (Officer Does)*

864.     The allegations in Paragraph 846 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

865.    The allegations in Paragraph 865 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

866.    Defendant avers that the allegations in Paragraph 866 of the Amended Complaint are not directed to Defendant and no answer is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 866 and, therefore, denies them in the manner and form alleged.

867.    The allegations in Paragraph 867 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

868.    The allegations in Paragraph 868 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

869.    The allegations in Paragraph 869 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent a response is required, any factual allegations are denied.

*Alice Minium* (Ruiz, Bondy and Officer Does)

870.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 870 of the Amended Complaint and, therefore, denies them.

871.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 871 of the Amended Complaint and, therefore, denies them.

872.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 872 of the Amended Complaint and, therefore, denies them.

873.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 873 of the Amended Complaint and, therefore, denies them.  .

874.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 874 of the Amended Complaint and, therefore, denies them.

875.    Defendant lacks sufficient information to admit or deny the allegations in Paragraph 875 of the Amended Complaint and, therefore, denies them.

*Vanna Goodenow*

876.    The allegations in Paragraph 876 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

877.    The allegations in Paragraph 877 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

878.    The allegations in Paragraph 878 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

879.    The allegations in Paragraph 879 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

880.     The allegations in Paragraph 880 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

*Eilis Weller (Campbell, Officer Does)*

881.     The allegations in Paragraph 881 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

882.     The allegations in Paragraph 882 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

883.     The allegations in Paragraph 883 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

884.     The allegations in Paragraph 884 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

885.     The allegations in Paragraph 884 of the Amended Complaint are not directed at Defendant and constitute legal conclusions for which no response is required.  To the extent an

answer is required, Defendant lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

*Applicable to All Defendants in Count VI*

886.   Defendant denies the allegations in Paragraph 886 of the Amended Complaint.

887.   Defendant denies the allegations in Paragraph 887 of the Amended Complaint.

888.   Defendant denies the allegations in Paragraph 888 of the Amended Complaint.

889.   Defendant denies the allegations in Paragraph 889 of the Amended Complaint.

890.   Defendant denies the allegations in Paragraph 890 of the Amended Complaint.

891.   Defendant denies the allegations in Paragraph 891 of the Amended Complaint.

892.   Defendant denies the allegations in Paragraph 892 of the Amended Complaint.

## **INJUNCTIVE RELIEF**

893.   Defendant incorporates the responses to Paragraphs 1-892 of the Amended Complaint as if fully set forth herein.

894.   Defendant denies the allegations in Paragraph 894 of the Amended Complaint.

895.   Defendant denies the allegations in Paragraph 895 of the Amended Complaint.

896.   Defendant denies the allegations in Paragraph 896 of the Amended Complaint.

897.   Defendant denies the allegations in Paragraph 897 of the Amended Complaint.

898.   Defendant denies the allegations in Paragraph 898 of the Amended Complaint.

899.   Defendant denies the allegations in Paragraph 899 of the Amended Complaint.

900.   Defendant denies the allegations in Paragraph 900 of the Amended Complaint.

901.   Defendant denies the allegations in Paragraph 901 of the Amended Complaint.

902.   Defendant denies the allegations in Paragraph 902 of the Amended Complaint.

903.   Defendant denies the allegations in Paragraph 903 of the Amended Complaint.

## PRAYER FOR RELIEF

The Paragraph entitled "Prayer for Relief" (including subparagraphs (1) through (7)) contains no factual allegations requiring a response.  To the extent a response is required, those allegations are denied, and Defendant denies Plaintiffs are entitled to the relief requested or any other relief for any reason. Defendant denies each and every allegation in the Amended Complaint not specifically admitted herein.  Moreover, any allegation deemed to be irrelevant in light of this Court's Orders is denied.

## JURY DEMAND

As to the Paragraph entitled "Jury Demand," Defendant joins in Plaintiffs' demand for a trial by jury to the extent this Court finds there are any triable issues of fact precluding dismissal and/or summary judgment as a matter of law.

## DEFENSES

1.     Defendant denies that Defendant is indebted to Plaintiffs in any amount, for the reasons stated or for any other reason.

2.     Defendant denies any wrongdoing, and further denies that Plaintiffs suffered a Constitutional violation or compensable injury caused by Defendant.

3.     The Complaint does not state a claim upon which relief can be granted.

4.     Plaintiffs were lawfully arrested based on probable cause.

5.     An independent magistrate made an independent finding of probable cause that led to Plaintiffs' arrests.

6.     Intervening actors were responsible for Plaintiffs' incarceration.

7.      Plaintiffs were not subjected to unlawful arrest or any other constitutional violation as alleged in the Complaint or in any other fashion.  Rather, Defendants' actions, if any, were supported by probable cause.

8.      Defendant avers that Defendant acted lawfully and with legal justification at all times referenced in Plaintiffs' Amended Complaint.

9.      Defendant avers that any and all actions taken by Defendant were performed pursuant to legal obligations that required and/or permitted Defendant to act as a police officer and to carry out their duties.  All actions taken were reasonable, necessary, justified and/or excusable under the circumstances.

10.     Defendant avers that all actions taken were in good faith and based on legitimate reasons and not solely or in part, based on retaliatory, illegal, or unconstitutional motives or consideration.

11.     Defendant avers Defendant's conduct, at all times referenced in the Amended Complaint, was in good faith and reasonable under the circumstances, and that this good faith, reasonable conduct is a defense to Plaintiffs' claims.

12.     Defendant's actions were not willful or wanton such that Plaintiffs are not entitled to punitive damages.

13.     Defendant avers that Defendant is entitled to qualified immunity and that Defendant will rely on the doctrine of qualified immunity as a complete bar to Plaintiffs' claims.

14.     Defendant avers that Plaintiffs' actions are barred by their own illegal conduct.

15.     Defendant will rely upon any and all other defenses lawfully available to Defendant developed through discovery, or otherwise, at the time of trial, and Defendant reserves the right to amend Defendant's Answer as necessary.

16.     Defendant avers that Defendant is not individually responsible for the conduct of any other person or officer and that Plaintiffs' claims are improperly joined and must be separated pursuant to Federal Rule of Civil Procedure 21.

17.     No Plaintiff was deterred from or otherwise unable to exercise his or her First Amendment rights as a result of any action taken by Defendant.

Defendant further DEMANDS TRIAL BY JURY of these matters.

WHEREFORE, having fully responded to the Amended Complaint filed against Defendant, Defendant prays that this action be dismissed with prejudice and for any other relief this Court deems just.

**BEN MALONE, IN HIS INDIVIDUAL CAPACITY**

By Counsel

 /s/ David P. Corrigan
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Blaire H. O'Brien (VSB No. 83961)
Counsel for Defendant Ben Malone
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com

## C E R T I F I C A T E

I hereby certify that on the 21st day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ David P. Corrigan

David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Blaire H. O'Brien (VSB No. 83961)
Counsel for Defendant Ben Malone
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
bobrien@hccw.com