UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CHARLES H. SCHMIDT, JR., *et al.*, )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>CITY OF RICHMOND, *et al.*, )<br>)<br>*Defendants.* )<br>_____ ) | Case No. 3:22-cv-404 |

## STIPULATED PROTECTIVE ORDER

By agreement of counsel for good cause shown, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c).

**IT IS ORDERED THAT:**

(1) Information designated "Confidential" or "Confidential—Attorney's Eyes Only" under this Order, to the extent that it is disclosed, given or produced by any party and/or third party during the pendency of this action, shall be used solely for the preparation for and use in this litigation and shall not be used or disclosed by any person receiving this information for any other purpose whatsoever.

(2) The parties may designate as "Confidential" documents and information as produced by any party, or by a third party pursuant to subpoena, that the parties reasonably believe contain non-public information; trade secrets; confidential disciplinary records or personnel/employment files; information containing sensitive personal identifying information (including, but not limited to, social security numbers); personal financial records; or other personal, proprietary, or commercially sensitive information the disclosure of which the disclosing party believes in good

faith should be subject to the protections of this Order. Documents and information that are publicly available shall not be designated as Confidential for purposes of this litigation.

(3) The parties may designate as "Confidential—Attorney's Eyes Only" all police operations and tactics that if disclosed may compromise officer safety or any ongoing investigations and medical records, medical invoices, and documents and information containing protected health information or "PHI" as defined by 45 C.F.R. § 160.103 that are produced by any party or by a third party pursuant to subpoena. Pursuant to 45 C.F.R. § 164.512(e) and for purposes including compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the regulations issued pursuant to it, information and things that are marked "CONFIDENTIAL—ATTORNEY'S EYES ONLY" and meet the definition of PHI shall not be disclosed for any purpose other than discovery, trial, and any appeals in this action. The parties agree to comply with HIPAA notice requirements for any documents or information that contains PHI.

(4) Any party wishing to designate information as Confidential shall at the time of production stamp or otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL," "CONFIDENTIAL INFORMATION," or, if related to PHI, "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

(5) Parties must maintain the confidentiality of any confidential documents subject to this Order. Parties will do this by:

> (a) Restricting access to confidential documents to the Court; the parties, including counsel of record for the parties, counsel's staff, and vendors employed by counsel for the purpose of assisting counsel of record in this case (for example, court reporters); and any of the parties' experts and fact witnesses on a good faith, as-needed basis;

(b) Restricting access to documents that are designated for attorney's eyes only to the Court; the parties, including counsel of record for the parties, counsel's staff, and vendors employed by counsel for the purpose of assisting counsel of record in this case (for example, court reporters); and other persons who may be designated to receive this information on a good faith, as-needed basis by written consent of the producing or designating party, or pursuant to Court order; and

(c) Causing all persons identified above who may receive or have access to any Confidential items to agree to be bound by the terms of this Order.

(6) To the extent that any party seeks to file any materials designated as Confidential or Confidential—Attorney's Eyes Only with the court, such party shall seek leave from the Court to file those materials under seal pursuant to Local Civil Rule 5. Such motion shall specifically identify each portion of the filing that the party seeks to file under seal and explain why, under governing legal standards, the court shall allow the material to be filed under seal. Information designated as Confidential or Confidential—Attorney's Eyes Only under this protective order does not lose its designation if that information is subsequently filed with the Court by any designating party, non-designating party, or a third party, or offered during hearings, at trial, or in open court.

(7) If Confidential information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

(8) Inadvertent production of or failure to designate any information as Confidential or Confidential—Attorney's Eyes Only shall not be deemed a waiver of the producing party's or non-

party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential or Confidential—Attorney's Eyes Only as appropriate. At such time, arrangements shall be made for the return to the producing party or non-party of all copies of the inadvertently misdesignated document(s) and for the substitution, where appropriate, of properly labeled copies of such documents. All previously produced copies of such documents that were inadvertently misdesignated shall be destroyed by the receiving party or parties upon receipt of replacement copies of such documents with the proper designation.

(9) Inadvertent production of any document in this Litigation in response to discovery requests, subpoenas, or any agreement by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

(a) A party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the possessing parties shall, within ten (10) business days, destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document, provided, however, that the receiving party may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of

privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten (10) business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this paragraph.

(b)     No party may assert as a ground for challenging privilege the mere fact of the inadvertent production in this Litigation. Nothing in this Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

(c)     If the recall of a document involves redaction of the inadvertently produced document, the redacted version of the document shall be provided within ten (10) business days together with a privilege log that includes a description of the nature of the information, communication, or thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Additionally, the identification of (1) all recipients of the document as reflected on the document and

in that document's metadata, if applicable, and (2) the custodian(s) of the document shall also be provided.

(d)     If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the producing party's counsel, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary. Nothing in this Order shall prohibit the ability of examining counsel to *voir dire* a deponent about the nature of the document to assess the applicability of the privilege or protection.

(e)     If a party's expert report or expert testimony relies on a document which another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Protective Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document, unless the receiving party seeks to challenge the assertion of privilege in accordance with the procedures set forth in Paragraph 9(a). Neither the expert's report nor the expert's testimony can be stricken in whole on the ground that

the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

(10) At any deposition, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons other than the reporter, counsel and individuals specified who have access to the appropriate category of information, leave the deposition room during the Confidential portion of the deposition.

(11) At the request of any party, deposition testimony concerning Confidential information will be marked by the court reporter or videographer as Confidential or Confidential— Attorney's Eyes Only on the deposition transcript or videotape. Inadvertent failure to designate testimony as Confidential or Confidential—Attorney's Eyes Only at the deposition shall not be deemed a waiver of a claim of confidentiality as to such information, and a party or non-party may thereafter designate such information as Confidential or Confidential—Attorney's Eyes Only as appropriate by notifying all parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential or Confidential—Attorney's Eyes Only.

(12) On final determination of this action, and within thirty days of request by the other party, Parties must destroy all documents designated as Confidential or Confidential—Attorney's Eyes Only by the other side and all copies of such documents; provided that documents listed as

trial exhibits or used as deposition exhibits may be retained by counsel. If requested, parties will identify by Bates number documents they deem Confidential.

(13) This Order does not control the presentation or admission of any exhibits at trial, which will be determined by the trial Judge.

(14) If any party disagrees with the designation by the producing party or non-party of any material as Confidential or Confidential—Attorney's Eyes Only information, then the parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential within the definition(s) of those term(s) set forth above. A party does not waive its right to challenge a designation by not electing to mount a challenge promptly after the original designation is made.

(15) The terms of this Order are applicable to Confidential information produced by a non-party in this action. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

It is so ORDERED.

                                                               /s/
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 25, 2022